**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NADEEM HASSAN,
          *Plaintiff-Appellant,*

          v.

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security;
AL GALLMANN, Acting District
Director, Phoenix District Office,
Citizenship and Immigration
Service,

          *Defendants-Appellees.*

No. 06-17252

D.C. No.
CV-04-02251-PHX-
FJM

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted
June 13, 2008—San Francisco, California

Filed September 11, 2008
Amended January 19, 2010

Before: Mary M. Schroeder, John M. Walker, Jr.,* and
N. Randy Smith, Circuit Judges.

Per Curiam Opinion

---

*The Honorable John M. Walker, Jr., Senior U.S. Circuit Judge for the
Second Circuit, sitting by designation.

## COUNSEL

Eric G. Bjotvedt, Esq., Phoenix, Arizona, for plaintiff/appellant, Nadeem Hassan.

Thomas H. Dupree, Jr., Esq. USDOJ, Washington, D.C., for defendants/appellees, Michael Chertoff, Secretary of Homeland Security et al.

# ORDER

The Opinion filed September 11, 2008, slip op. 12719, and appearing at 543 F.3d 564 (9th Cir 2008), is amended as follows:

1.   At slip op. 12723, following the "Analysis" heading, substitute the first two paragraphs with:

"Hassan argues that the government inappropriately denied his application for adjustment of status. The government, however, denied Hassan's application as a matter of discretion. The government concluded that Hassan posed a threat to national security. As the district court correctly noted, judicial review of the denial of an adjustment of status application — a decision governed by 8 U.S.C. § 1255 — is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i). Moreover, judicial review of a discretionary determination is also expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). The denial of Hassan's adjustment of status application on the basis that he poses a threat to national security is a determination committed to the discretion of the Attorney General or the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii); *cf. Hosseini v. Gonzales*, 464 F.3d 1018, 1021 (9th Cir. 2006) ("We lack jurisdiction to review the BIA's denial of Hosseini's adjustment of status claim because the BIA alternatively denied relief as a matter of discretion."). Therefore, this court lacks the authority to review Hassan's claim under 8 U.S.C. § 1252(a)(2)(B)(ii).

However, "[w]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003). Hassan asserts that his due process rights were violated because the government failed to follow its own regulations during the decision-making process. Specifically, Hassan contends that the government deprived him of the opportunity to rebut evidence against him in violation of its

regulations. *See* 8 C.F.R. § 103.2(b)(16)(i). This regulation provides that, if a decision

> will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered.

*Id.*

Hassan's argument fails. Hassan was aware of the information against him. He was questioned about his involvement in the terrorist organization. He was given the opportunity to explain his association during the course of that questioning. The regulation that Hassan cites requires no more of the government. Accordingly, Hassan has failed to raise a colorable constitutional argument, and a litigant must raise a colorable constitutional violation before this court has jurisdiction to review his otherwise unreviewable claim. *See*, *e.g.*, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001)."

2. At slip op. 12725, substitute the final paragraph of the opinion with: "For the foregoing reasons, we affirm the district court's dismissal of this case."

With these amendments, the panel has voted to deny the petition for panel rehearing and the petition for rehearing en banc, and Judge Walker so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

Absent further order of the court, no further petitions for rehearing or rehearing en banc will be considered.

## OPINION

PER CURIAM:

Nadeem Hassan, a citizen of Pakistan, appeals the district court's dismissal of his complaint seeking mandamus relief and challenging the government's denial of his application for adjustment of status and cancellation of his permission to return to this country. We lack jurisdiction to review the government's actions and affirm the district court's dismissal. *See* 8 U.S.C. § 1252(a)(2)(B)(i)-(ii).

## Background

In January 2002, while physically present in the United States, Hassan applied for adjustment of status to lawful permanent resident pursuant to section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a). In October 2004, the government had not yet acted on his application, so he filed this mandamus action in the United States District Court to compel the government to act on the application. In 2005, the government questioned him about possible ties to a group the government suspected of having links to terrorists.

While his adjustment application was still pending, Hassan traveled outside the United States to Saudi Arabia. He received a travel document from the government, Form I-512, commonly referred to as an "advance parole." It granted him permission to return to the United States, so long as his application for adjustment remained pending. While Hassan was abroad, the government denied his adjustment application and revoked the advance parole. When he attempted to return to the United States, he was denied admission, placed in expe-

dited removal proceedings, and removed. He then amended his complaint in this action to challenge the denial of status adjustment and revocation of advance parole.

The district court held that under the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(B), both the denial of the adjustment of status and the revocation of the advance parole were discretionary decisions that the court lacked jurisdiction to review. The statute the court relied upon with respect to adjustment of status provides that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1255 of this title . . . ." 8 U.S.C. § 1252(a)(2)(B)(i). The statute the district court relied on to determine that it lacked jurisdiction to review the revocation of advance parole is 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that "no court shall have jurisdiction to review any other decision . . . of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

**Analysis**

**[1]** Hassan argues that the government inappropriately denied his application for adjustment of status. The government, however, denied Hassan's application as a matter of discretion. The government concluded that Hassan posed a threat to national security. As the district court correctly noted, judicial review of the denial of an adjustment of status application — a decision governed by 8 U.S.C. § 1255 — is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i). Moreover, judicial review of a discretionary determination is also expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). The denial of Hassan's adjustment of status application on the basis that he poses a threat to national security is a determination committed to the discretion of the Attorney General or the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii); *cf. Hosseini v. Gonzales*, 464 F.3d 1018,

1021 (9th Cir. 2006) ("We lack jurisdiction to review the BIA's denial of Hosseini's adjustment of status claim because the BIA alternatively denied relief as a matter of discretion."). Therefore, this court lacks the authority to review Hassan's claim under 8 U.S.C. § 1252(a)(2)(B)(ii).

However, "[w]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003). Hassan asserts that his due process rights were violated because the government failed to follow its own regulations during the decision-making process. Specifically, Hassan contends that the government deprived him of the opportunity to rebut evidence against him in violation of its regulations. *See* 8 C.F.R. § 103.2(b)(16)(i). This regulation provides that, if a decision

> will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered.

*Id.*

**[2]** Hassan's argument fails. Hassan was aware of the information against him. He was questioned about his involvement in the terrorist organization. He was given the opportunity to explain his association during the course of that questioning. The regulation that Hassan cites requires no more of the government. Accordingly, Hassan has failed to raise a colorable constitutional argument, and a litigant must raise a colorable constitutional violation before this court has jurisdiction to review his otherwise unreviewable claim. *See*, *e.g.*, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001).

The only remaining question pertains to the revocation of Hassan's advance parole. The district court ruled that it lacked jurisdiction to consider the issue because the revocation of advance parole, like the grant of advance parole, is discretionary. *See* 8 U.S.C. § 1182(d)(5)(A) (stating that the Attorney General may "in his discretion parole into the United States . . . any alien"); *see also Samirah v. O'Connell*, 335 F.3d 545, 548 (7th Cir. 2003) ("The Attorney General . . . has the discretion to revoke advance parole after it has been granted.").

**[3]** On appeal, Hassan argues that the district court had jurisdiction to review the revocation. He claims that the government lacked any discretion to revoke his advance parole because no statute or regulation expressly authorizes revocation. We disagree. The statutory and regulatory provisions governing the grant of parole provide for the revocation of parole when it no longer serves its purpose. *See* 8 U.S.C. § 1182(d)(5)(A) ("[W]hen the purpose of such parole shall, in the opinion, of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."); 8 C.F.R. § 212.5(e)(2)(i) (providing that DHS "shall" terminate parole "upon accomplishment of the purpose for which parole was authorized or when in the opinion of [certain enumerated DHS officials], neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States"); *see also Samirah*, 335 F.3d at 548 (interpreting these provisions as granting DHS authority to revoke advance parole).

**[4]** DHS complied with these regulations when it revoked Hassan's advance parole. It is undisputed that Hassan was granted advance parole solely to allow him to return to this country while his application for status adjustment was pending. Thus, once Hassan's application for adjustment of status was denied, he was no longer eligible for advance parole. *See*

U.S. Citizenship & Immigration Servs., Dep't of Homeland Sec., *Adjudicator's Field Manual* § 54.3 (2008) (providing that an applicant for adjustment of status is eligible for advance parole only if his application has not yet been decided). The revocation inevitably followed from DHS's discretionary decision to deny the adjustment of status. Under these circumstances, DHS was required by its own regulation to terminate the advance parole, the parole having served its purpose. *See* 8 C.F.R. § 212.5(e)(2)(i).

The district court properly rejected Hassan's argument that it had jurisdiction to review the revocation of advance parole as an ultra vires. The revocation was lawfully authorized.

For the foregoing reasons, we affirm the district court's dismissal of this case.

**AFFIRMED.**