FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AUGUSTO LIZARDO GONZALES-GANDINI, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-76464 <br><br> Agency No. A072-531-862 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and DOWD, Senior District Judge.**

Augusto Lizardo Gonzales-Gandini ("Gonzales"), a native and citizen of

Peru, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal

of his appeal of an Immigration Judge's ("IJ") decision denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David D. Dowd, Jr., Senior United States District
Judge for the Northern District of Ohio, sitting by designation.

terminate removal proceedings and finding him removable. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Gonzales argues that his motion to terminate removal proceedings should have been granted because, when removal proceedings were initiated, he held advance parole to pursue an adjustment of status application.[1] We disagree. The Attorney General has discretionary authority to grant parole, *see* 8 U.S.C. § 1182(d)(5)(A), and to terminate parole, *see Hassan v. Chertoff*, 593 F.3d 785, 788–90 (9th Cir. 2010) (per curiam).[2] Gonzales was issued a Notice to Appear in 1998, which terminated his advance parole under the express terms of the applicable regulation. *See* 8 C.F.R. § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.").[3] As such, Gonzales was properly in removal proceedings as an arriving alien. *See* 8 U.S.C. § 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title

---

[1] We review this legal question de novo. *See Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008).

[2] Despite the discretionary nature of the decision to revoke parole, because Gonzales's petition for review raises questions of law, we retain jurisdiction to review that determination. *See* 8 U.S.C. § 1252(a)(2)(D).

[3] In 1998, 8 C.F.R. § 212.5(e)(2) was found at 8 C.F.R. § 212.5(d)(2).

. . . shall not be considered to have been admitted."). Gonzales's contentions to the contrary are not persuasive.[4]

Gonzales also contends that the IJ erred in denying his asylum, withholding of removal, and Convention Against Torture ("CAT") claims. We conclude, to the contrary, that the IJ's denial of relief is supported by substantial evidence. *See Sinha v. Holder*, 564 F.3d 1015, 1019–20, 1025 (9th Cir. 2009) (stating that we review for substantial evidence the factual findings underlying the IJ's determination that a petitioner has not established eligibility for asylum, withholding of removal, or CAT relief).

To qualify for asylum based on persecution on account of a political opinion, Gonzales must present specific facts establishing either (1) past persecution or (2) a well-founded fear of future persecution, *Kazlauskas v. INS*, 46 F.3d 902, 905 (9th Cir. 1995), and the persecution must be on account of the political opinion, *see* 8

---

[4]     Contrary to Gonzales's contentions, the regulation permits termination of parole on notice even if the purpose for which the advance parole was granted—here, to pursue adjustment of status—has not been fulfilled. 8 C.F.R. § 212.5(e)(2)(i) (stating that parole may be terminated on notice "upon accomplishment of the purpose for which parole was authorized *or* when in the opinion of [certain enumerated officials], neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States" (emphasis added)). Gonzales has not argued that the government has failed to satisfy the regulatory requirements regarding humanitarian reasons or public benefit.

3

U.S.C. § 1101(a)(42)(A). Accepting Gonzales's testimony, as we must because the IJ found him credible, Gonzales does not satisfy this standard. Gonzales did not show that the Shining Path's recruitment of him was motivated by his political views rather than by his popularity and his family's wealth, and the IJ's findings that Gonzales had no actual knowledge that his assailant was a member of the Shining Path or that he was shot at for not joining the Shining Path are supported by substantial evidence. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992). Gonzales also has not presented evidence "so compelling that no reasonable factfinder could fail to find the requisite fear of [future] persecution" if he returns to Peru. *Id.* at 484. His family's prior problems as crime victims were properly accorded little or no weight as he did not establish that the Shining Path was targeting his family on account of any political views. And the reasonableness of Gonzales's fear of returning to Peru is undermined by his family's present safety in Peru, his return trips to Peru, and the remoteness in time of the encounters with the Shining Path. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 746 (9th Cir. 2006) ("[T]he age of the threats that [the petitioner] received are relevant to our evaluation of the reasonableness of [the petitioner's] fear."); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live

4

in the country without incident, or when the applicant has returned to the country without incident." (citations omitted)).

Because Gonzales has not demonstrated eligibility for asylum, he does not meet the higher standard of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Finally, even if it is possible that Gonzales will be harassed or mistreated if he returns to Peru, that is insufficient to establish the likelihood that he will upon return suffer the extreme cruelty or inhuman treatment required for CAT relief. *See* 8 C.F.R. § 208.18(a)(2).[5]

**DENIED.**

---

[5] Although Gonzales argues that the IJ erred in denying his request for voluntary departure, the BIA determined that Gonzales was ineligible for voluntary departure on a different ground—that he had not been continuously present in the United States for one year. Gonzales does not challenge the BIA's reasoning and any argument that the BIA erred is therefore waived.