**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SABINA CAROL FRANCOIS,

    Plaintiff - Appellant,

    v.

JEH JOHNSON, Secretary of Homeland
Security; et al.,

    Defendants - Appellees.

No. 14-16211

D.C. No. 2:13-cv-01964-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted May 10, 2016
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Sabina Francois appeals the district court's order dismissing her case for

lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and in the alternative,

for failure to state a claim, Fed. R. Civ. P. 12(b)(6).  We have jurisdiction pursuant

to 28 U.S.C. § 1291, and we affirm the district court's dismissal of Francois'

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

complaint for lack of subject matter jurisdiction.

We review de novo the denial of mandamus relief, dismissal for failure to exhaust administrative remedies, dismissal for lack of subject matter jurisdiction, and dismissal for failure to state a claim. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

**1**. The district court did not err in concluding that the REAL ID Act operated retroactively to strip the district court of jurisdiction to consider Francois' claims. Although Francois has attempted to frame her claims as an affirmative request for mandamus and declaratory relief, at bottom, she challenges the government's denial of discretionary relief[1] within the meaning of 8 U.S.C. § 1252(a)(2)(B)(i). Consequently, Section 1252's jurisdictional provisions bar the district court from exercising jurisdiction over Francois' complaint.

Even if the REAL ID Act did not apply to Francois' complaint, however, Francois' claims are inextricably intertwined with underlying removal proceedings

---

[1] We have held that in some circumstances, approval of an I-130 spousal visa petition is nondiscretionary, and thus subject to Article III review. *Ching v. Mayorkas*, 725 F.3d 1149, 1155–56 (9th Cir. 2013). Nonetheless, we have held that denial of an adjustment application (Form I-485) may be discretionary or nondiscretionary depending on the facts underlying the denial. *Hassan v. Chertoff*, 593 F.3d 785, 787 (9th Cir. 2008). Regardless of the discretionary or nondiscretionary nature of the underlying agency action, in all cases, we retain jurisdiction to review questions of law and constitutional claims. 8 U.S.C. § 1252(a)(2)(D); *Carillo de Palacios v. Holder*, 708 F.3d 1066, 1069 (9th Cir. 2013).

before the immigration court.[2]  When the agency adjudicated Francois' application, all versions of the Immigration and Naturalization Act (INA) in force at that time contained a "zippering" provision that required petitioners to challenge the denial of relief "ancillary to an application for permanent residency" in a petition for the court of appeals' review of final removal orders. *Jaa v. U.S. Immigr. & Naturalization Serv.*, 779 F.2d 569, 571 (9th Cir. 1986); *see* 8 U.S.C. § 1252(a)(2)(B)(i) (2000); 8 U.S.C. §§ 1105a(a) & 1329 (1994); *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011); *Morales-Izquierdo v. U.S. Dep't of Homeland Sec.*, 600 F.3d 1076, 1085 (9th Cir. 2010) (en banc), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc).  Although Francois is not yet subject to a final order of removal, under the specific facts of this case, the denial of Francois' adjustment application will not be ripe for judicial review until removal proceedings conclude before the agency.

Thus, under any relevant iteration of the INA, the district court lacked subject matter jurisdiction over Francois' complaint.

2.    Because we affirm the dismissal of Francois' complaint on subject matter

---

[2]  We note that those proceedings have been administratively closed pending resolution of this case.

jurisdiction grounds, we need not reach the merits of Francois' requests for mandamus and declaratory relief. Accordingly, we vacate the district court's Rule 12(b)(6) determinations and dismiss Francois' case for lack of subject matter jurisdiction.

**AFFIRMED**.