Order; Opinion by Judge SILVERMAN; Dissent by Judge CALLAHAN.
ORDER
The opinion filed on October 25, 2011, 659 F.3d 930, is withdrawn. A superseding opinion and dissent will be filed concurrently with this order. The Petition for Rehearing En Banc filed on December 9, 2011 is denied as moot.
OPINION
SILVERMAN, Circuit Judge:
Plaintiff-Appellants are Aurelio Duran Gonzales and six other Mexican citizens. Each of these aliens was previously deported or removed and then subsequently reentered the United States without inspection. From within the United States, these individuals applied for an adjustment of status and an 1-212 waiver of their inadmissibility due to their previous removal and unlawful reentry. Plaintiffs construed Ninth Circuit law at the time as permitting them to seek such a waiver, notwithstanding the statutory requirement that ten years elapse between an alien’s last departure from the United States and his or her waiver application. See Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004). They filed suit to challenge the application of the ten-year requirement to deny them waivers.
After our decision in Perez-Gonzalez, however, the Board of Immigration Appeals had in fact disagreed with aspects of that decision and construed the statutory scheme to require satisfaction of the ten-year requirement, even for 1-212 waiver applicants already unlawfully present in the United States. On the first appeal in this matter, we deferred to the BIA’s reasonable statutory interpretation, citing National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967, 981-85, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005). Duran Gonzales v. DHS, 508 F.3d 1227, 1235-39, 1242 (9th Cir.2007)(“Dw(TO Gonzales I ”). Ninth Circuit law thereby became consistent with the agency’s position.
On remand, rejecting Plaintiffs’ objections and motions, the district court concluded the BIA’s rule would have full retroactive effect, denied motions to amend the complaint and class definition as futile, and dismissed this class action. We affirmed this ruling in October 2011, but stayed the mandate pending the resolution of en banc proceedings in Garfias-Rodriguez v. Holder, 702 F.3d 504 (9th Cir.2012) (en banc). Ultimately, that decision changed the retroactivity test for cases in which Brand X mandates deference to an agency’s statutory interpretation, even if there is a contrary prior Ninth Circuit case. Because the mandate never issued for our opinion on this appeal and there has been an intervening change in authority, we decline to apply the putative law of *1273 the case, vacate the district court’s judgment, and remand for reconsideration of the motions to amend the complaint and class definition in light of the new retroac-tivity test set forth in Garfias-Rodríguez.
BACKGROUND
Plaintiffs were all previously deported or removed and then unlawfully reentered the United States. After returning to the United States, they filed applications for adjustment of status under 8 U.S.C. § 1255. That statute “allowed the Attorney General to adjust the status of an alien who had entered the United States without inspection to that of a legal permanent resident provided that the alien (1) was admissible to the United States and the beneficiary of an immediately available immigrant visa, and (2) paid an application fee five times the usual fee.” Duran Gonzales I, 508 F.3d at 1230.
Plaintiffs’ path to adjustment of status was complicated by two provisions of the Illegal Immigration Reform and Immigration Responsibility Act of 1996. The first appeared to deny Plaintiffs relief. 8 U.S.C. § 1231(a)(5) provides “for automatic reinstatement of an alien’s prior removal or deportation order when an alien has reentered the United States illegally,” and further provides that “ ‘the alien is not eligible and may not apply for any relief from removal.” Duran Gonzales I, 508 F.3d at 1230 (quoting 8 U.S.C. § 1231(a)(5)).
The second section suggested a possible exception to this bar. Although 8 U.S.C. § 1182(a)(9)(C)(i)(II) renders inadmissible any previously removed alien “who enters or attempts to reenter the United States without being admitted,” Section 1182(a)(9)(C)(ii) creates an exception for:
an alien seeking admission more than 10 years after the date of the alien’s last departure from the United States if, pri- or to the alien’s reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien’s reapplying for admission.
8 U.S.C. § 1182(a)(9)(C)(ii). Two apparent requirements for this exception became the subject of litigation in this Circuit: (1) that the application be made from outside the United States; and (2) that the alien request the waiver more than ten years after his or her last departure from the United States.[1]
Plaintiffs sought Form 1-212 waivers of inadmissibility pursuant to 8 U.S.C. § 1182(a)(9)(C)(ii) and 8 C.F.R. § 212.2 from within the United States, and applications for adjustment of status under 8 U.S.C. § 1255(i). United States Citizenship and Immigration Services denied three of the Plaintiffs’ applications on the ground that the ten-year period had not elapsed since the dates of the applicants’ last departures from the United States.[2] 8 U.S.C. § 1182(a)(9)(C)(ii). Allegedly, Plaintiffs took these steps to secure waivers in reliance on our opinion in Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004). Perez-Gonzalez held that an alien could apply for a Form 1-212 waiver from within this country: “[T]he INS committed legal error when it concluded that *1274 Perez-Gonzalez could not apply for a Form 1-212 waiver from within this country.” 379 F.3d at 789. Perez-Gonzalez also “concluded that an alien who was inadmissible under section 212(a)(9)(C)(i) of the Act could apply for a waiver under 8 C.F.R. § 212.2 even though the alien’s last departure from the United States occurred ... less than 10 years prior to the date of his request for consent to reapply for admission.” Matter of Torres-Garcia, 23 I. & N. Dec. 866, 876 (BIA 2006) (citing Perez-Gonzalez, 379 F.3d at 794 n. 10); see also Duran Gonzales I, 508 F.3d at 1241.
In January 2006, the Board of Immigration Appeals ruled in Matter of Torres-Garcia that individuals such as Plaintiffs were not eligible for relief, since an 1-212 waiver of inadmissibility requires the alien’s compliance with the statutory “ten-year bar,” even if that alien is applying from within the United States. 23 I. & N. Dec. at 876; Morales-Izquierdo v. DHS, 600 F.3d 1076, 1079 (9th Cir.2010) (citation and quotation marks omitted).[3] DHS subsequently issued a “memorandum direet[ingj field officers that an alien inadmissible under § 212(a)(9)(C) could not file for consent to reapply until that alien had lived abroad for 10 years.” Gonzalez v. DHS, No. C06-1411-MJP, 2009 WL 302283, at *2 (W.D.Wash. Feb. 6, 2009). In September 2006, Plaintiffs filed suit to challenge this memorandum as a violation of Perez-Gonzalez and sought injunctive and declaratory relief, a temporary restraining order, and class certification. Gonzalez v. DHS, No. C06-1411-MJP, 2009 WL 506848, at *2 (W.D.Wash. Feb. 27, 2009).[4] The district court certified Plaintiffs’ proposed class and issued a preliminary injunction. Gonzales v. DHS, 239 F.R.D. 620, 627, 629 (W.D.Wash.2006).
The government filed an interlocutory appeal, and in Duran Gonzales I, we held that, pursuant to the Supreme Court’s decision in Brand X, 545 U.S. at 981-85, 125 S.Ct. 2688, we were compelled to follow the BIA’s 2006 opinion in Torres-Garcia. In Brand X, the Supreme Court “held that the circuit court must apply Chevron deference to an agency’s interpretation of a statute regardless of the circuit court’s contrary precedent, provided that the court’s earlier precedent was an interpretation of a statutory ambiguity.” Duran Gonzales I, 508 F.3d at 1235-36 (citing Brand X, 545 U.S. at 980-82, 125 S.Ct. 2688). In our 2007 opinion in Duran Gonzales I, we held that because the BIA’s Torres-Garcia ruling was a “clearly reasonable” interpretation of a statute by the agency charged with interpreting and enforcing the statute, and because our prior opinion in Perez-Gonzalez was based on the statute’s ambiguity, Brand X required that we defer to the BIA’s interpretation. Id. at 1237-39, 1242. Our opinion stated that, “[pjursuant to In re Torres-Garcia, *1275 plaintiffs as a matter of law are not eligible to adjust their status because they are ineligible to receive 1-212 waivers.” Id. at 1242. Accordingly, we vacated the district court’s injunction and remanded the matter. Id. at 1242-43.
Plaintiffs filed a petition for rehearing and suggestion for rehearing en banc which included an argument that the opinion should not be applied retroactively. The panel denied the petition for rehearing, a majority of the active judges declined the suggestion for rehearing en banc, and our mandate issued in January 2009, over a year after the opinion was filed.
On remand, Plaintiffs sought to prevent the retroactive application of Duran Gonzales I to class members whose 1-212 waiver applications were filed prior to that decision and in purported reliance on preexisting Ninth Circuit precedent. Gonzalez, 2009 WL 302283, at *4; Gonzalez, 2009 WL 506848, at *4. To this end, they filed a motion to amend the complaint to add a challenge to Duran Gonzales 7’s retroactive application as well as a motion to amend the class definition and narrow it to a subset of the certified class. Id. at *3. In the first of a pair of orders, the district court held that Duran Gonzales I was binding and denied Plaintiffs’ motion for provisional class certification and preliminary injunctive relief. Gonzalez, 2009 WL 302283, at *4. It rejected Plaintiffs’ argument against retroactivity because “[t]he Circuit Court stated conclusively that the BIA’s interpretation of the statute applied to Plaintiffs,” and held that “[t]he retroactive application of Torres-Garcia is simply not an open question before this Court.” Id. The district court proceeded to deny Plaintiffs’ motions to amend the class definition and for leave to file an amended complaint as futile because neither amendment could change the presumptive retroactive effect of Duran Gonzales I. Gonzalez, 2009 WL 506848, at *4. The court then dismissed the action. Id. Plaintiffs timely appealed, arguing that Duran Gonzales I should be given prospective effect only.
On October 25, 2011, we issued Duran Gonzales II, the original version of this opinion, expressly holding that Duran Gonzales I would have full retroactive effect. Duran Gonzales v. DHS, 659 F.3d 930, 939-41 (9th Cir.2011) (“Duran Gonzales II ”). However, we stayed the mandate pending the resolution of the en banc proceedings in Garfias-Rodriguez v. Holder, 702 F.3d 504 (9th Cir.2012) (en banc). Ultimately, that en banc decision issued and set forth a different test for retroactivity in Brand X cases, the multi-factor inquiry articulated in Montgomery Ward & Co., Inc. v. FTC, 691 F.2d 1322, 1333 (9th Cir.1982). Garfias-Rodriguez, 702 F.3d at 517-20. The government urges us to apply the law-of-the-case doctrine and hold that Duran Gonzales I has already settled the retroactivity question for this case. We reject that argument and hold that the intervening en banc decision in Garfias-Rodriguez requires us to withdraw our prior opinion, vacate the district court’s judgment, and remand the case for further proceedings. The district court must decide in the first instance whether or not Plaintiffs’ dual motions to amend are still futile in light of this Court’s adoption of the Montgomery Ward retroactivity test for cases in which Brand X compels our deference to an agency’s statutory interpretation.
JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction pursuant to 28 U.S.C. § 1291. Although the district court’s denial of leave to amend is reviewed for abuse of discretion, Gardner v. Martino, 563 F.3d 981, 990 (9th Cir.2009), *1276 as is an order on class certification, Parra v. Bashas’, Inc., 586 F.3d 975, 977 (9th Cir.2008), the essence of Plaintiffs’ appeal is that the district court erred in holding that Duran Gonzales I applied to them. This underlying conclusion of law is reviewed de novo. See Citizens for Clean Gov’t v. City of San Diego, 474 F.3d 647, 650 (9th Cir.2007).
DISCUSSION
A. Whether Duran Gonzales I May Be Retroactively Applied Under Garfias-Rodriguez and Montgomery Ward.
This brings us to the question of whether Duran Gonzales I may still be retroactively applied in light of Garfias-Rodri-guez. Duran Gonzales I did not expressly address retroactivity. Instead, the panel merely stated that Plaintiffs “as a matter of law are not eligible to adjust their status because they are ineligible to receive 1-212 waivers.” 508 F.3d at 1242. But reaching this conclusion did not explicitly resolve the retroactivity question, and retroactivity was clearly presented to us on this second appeal, which resulted in an initial opinion affirming the retroactive application of Duran Gonzales I.[5] Citing Harper v. Virginia Department of Taxation, 509 U.S. 86, 97-98, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), we stated that “[bjecause this court applied its holding in [Duran Gonzales I ] to the parties before it, the ruling is retroactive.” Duran Gonzales II, 659 F.3d at 939. We added that even if Duran Gonzales I could not be read as “clearly holding that it had retroactive application (by applying its ruling to the parties before it), the fact that [Duran Gonzales I] did not otherwise ‘reserve the question whether its holding should be applied to the parties before it’ would be dispositive.” Id. (quoting Harper, 509 U.S. at 97-98, 113 S.Ct. 2510).
Our recent en banc opinion in Garfias-Rodriguez adopts a different test for retro-activity that is now the law of the Ninth Circuit. Although recognizing that when we decided Duran Gonzales I, the controlling Supreme Court rule held that retroactive application was the presumptive norm,[6] Garfias-Rodriguez adopted a different approach, holding:
[Wjhen we overturn our own precedent following a contrary statutory interpretation by an agency authorized under Brand X, we analyze whether the agency’s statutory interpretation (to which we defer) applies retroactively under the test we adopted in Montgomery Ward [ & Co., Inc. v. FTC, 691 F.2d 1322, 1333 (9th Cir.1982) ] if the issue is fairly raised by the parties.
702 F.3d at 520. Garfias-Rodriguez held that such instances of Brand X deference must be treated as “if the agency had changed its own rules,” id. at 516, and thus changed the presumptive norms for cases such as this one to “allow[ ] us to take into account the intricacies of a Brand X problem.” Id. at 518. We explained that in applying the Montgomery Ward test, “we have done so on a case-by-case basis, for *1277 example, by analyzing whether a petitioner actually relied on a past rule, or by concluding that retroactivity as applied, is impermissible.” Id. at 519 (emphasis in original).
We then proceeded to apply the five-factor Montgomery Ward test to Garfias-Rodriguez himself. The factors include:
(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.
Id. at 518 (quoting Montgomery Ward, 691 F.2d at 1333). We nonetheless concluded that Garfias-Rodriguez was not entitled to relief because the balance of factors favored the government. Id. at 523.
Plaintiffs argue that we should apply Garfias-Rodriguez to their case, vacate the district court’s dismissal of their action, and remand the case to the district court to apply the Montgomery Ward test in the first instance.
B. The Law-of-the-Case Doctrine Will Not Be Applied Here Where There Has Been An Intervening Change in Authority.
Before we can apply the Montgomery Ward test to Plaintiffs, we must consider whether the holding in Garfias-Rod-riguez should be applied to this case. The government argues that the law-of-the-case doctrine should be invoked to preclude its application here. We disagree.
In this context, the prudential law-of-the-case doctrine precludes one panel of an appellate court from reconsidering questions which have already been decided on a prior appeal in the same case. Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.1995). However, we have noted that there are exceptions to this prudential rule:
Although an appellate panel’s observance of the doctrine is discretionary, a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.
Id. Having announced a retroactivity test for Brand X cases that is at odds with the analytical framework invoked in Duran Gonzales I, we are compelled to conclude that the legal change effected by Garfias-Rodriguez falls squarely within the second exception for “intervening controlling authority.” [7] Accordingly, we will not apply the law-of-the-case doctrine to bar application of Garfias-Rodriguez.
C. Application of The Montgomery Ward Test on Remand
We have withdrawn our prior opinion on this appeal and hereby vacate the district court’s judgment. We will not decertify the class, since no such motion was made below. Instead, upon remand, the government will have an opportunity to file such a motion, if it so chooses. Plaintiffs will also have an opportunity to re-file any *1278 motions to amend the complaint and the class definition, as well as any motion for a preliminary injunction, if they so choose. If these motions are filed, the district court shall reconsider whether amendments to the complaint and class definition are still futile in light of the Montgomery Ward test and Federal Rule of Civil Procedure 23’s requirements for class actions.
We express no opinion on the viability of any claims or any class or subclass definitions under the analytical framework announced in Garfias-Rodriguez — i.e., whether the Montgomery Ward factors can be adjudicated on a class-wide basis. Particularly given the stage of this litigation and the fact that the record has not been fully developed, as in Garfias-Rodri-guez, [8] it would not be proper for us to apply that test in the first instance. Cf. Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1161 (9th Cir.2001) (holding that where “the factual record is sufficiently well developed ... we may evaluate for ourselves whether the provisions of Rule 23 have been satisfied” and no remand is necessary).
CONCLUSION
The district court’s judgment is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.

. A recent decision interprets the ten-year bar to require the alien to spend ten years outside the United States. Carrillo de Palacios v. Holder, 708 F.3d 1066, 1073-74, 2013 WL 310387, at *6 (9th Cir. Jan. 28, 2013).

. Our 2007 decision in this case stated that: "The 1-212 waiver application is pending in four of the cases and has been denied, along with the adjustment of status applications, in the remaining three cases.” Duran Gonzales I, 508 F.3d at 1231.

. The BIA reasoned:
Perez-Gonzalez allows an alien to obtain a section 212(a)(9)(C)(ii) waiver nunc pro tunc even though such a waiver would have been unavailable to him had he sought it prospectively, thereby placing him in a better position by asking forgiveness than he would have been in had he asked permission. Such an interpretation contradicts the clear language of section 212(a)(9)(C)(ii) and the legislative policy underlying section 212(a)(9)(C) generally. We find that the more reasonable interpretation of the statutory framework discussed above is that an alien may not obtain a waiver of the section 212(a)(9)(C)(i) ground of inadmissibility, retroactively or prospectively, without regard to the 10-year limitation set forth at section 212(a)(9)(C)(ii).
Matter of Torres-Garcia, 23 I. & N. Dec. at 876.

. In both of these 2009 district court case captions, Duran Gonzales’s surname is misspelled.

. Again, by a separate order, issued concurrently herewith, we have withdrawn that pri- or opinion.

. We noted:
The Supreme Court has emphasized that retroactive application is the presumptive norm, and implied that any exceptions to this rule must be narrow. Harper, 509 U.S. at 95-96, 113 S.Ct. 2510. It has also emphasized that we are not to perform a retro-activity analysis on a case-by-case basis, but that we must decide whether a rule should be retroactive (or not) as applied to all cases currently pending. Id. at 96-97, 113 S.Ct. 2510.
Garfias-Rodriguez, 702 F.3d at 517 (parallel citations omitted).

. The withdrawn panel decision from this second appeal relied in part on Morales-Izquierdo, 600 F.3d at 1089, which rejected the application of the multi-factor Montgomery Ward test for retroactivity where the courts defer to the BIA's interpretation of a statute. Duran Gonzales II, 659 F.3d at 935-36 & n. 3. That case and our reliance on it were expressly overruled by the en banc court in Garfias-Rodriguez. 702 F.3d at 516.

. See also Carrillo de Palacios, 708 F.3d at 1071-73, 2013 WL 310387 at *4-5 (applying Montgomery Ward test to petitioner’s case where complete administrative record was available on petition for review of a BIA decision).