**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GOMEZ-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70016<br><br>Agency No. A091-591-412<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Juan Gomez-Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law.  *Sandoval-Luna v. Mukasey*, 526 F.3d 1243,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1246 (9th Cir. 2008) (per curiam). We grant in part and deny in part the petition for review and remand.

In concluding that Gomez-Garcia was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II), the BIA did not have the benefit of *Duran Gonzales v. DHS*, 712 F.3d 1271 (9th Cir. 2013) and *Carrillo de Palacios v. Holder*, 708 F.3d 1066 (9th Cir. 2013), in which the court set out the retroactivity test to be applied in such cases. *See Duran Gonzales*, 712 F.3d at 1275-78. We remand to the BIA to apply the retroactivity test in the first instance. *See id.* at 1278 (remanding for retroactivity analysis given the fact that the record has not been fully developed).

Gomez-Garcia's motion to hold his case in abeyance pending a decision in *Duran Gonzales v. DHS*, 659 F.3d 930 (9th Cir. 2011) is denied as moot. The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**