NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIERRA PACIFIC POWER COMPANY,<br><br>                 Plaintiff-Appellant,<br><br>  v.<br><br>HARTFORD STEAM BOILER<br>INSPECTION & INSURANCE CO. and<br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br><br>                 Defendants-Appellees. | No.   15-15002<br><br>D.C. No.<br>3:04-cv-00034-LRH-RAM<br><br><br>MEMORANDUM* |

| | |
|---|---|
| SIERRA PACIFIC POWER COMPANY,<br><br>                 Plaintiff-Appellee,<br><br>  v.<br><br>HARTFORD STEAM BOILER<br>INSPECTION & INSURANCE CO. and<br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br><br>                 Defendants-Appellants. | No.   15-15073<br><br>D.C. No.<br>3:04-cv-00034-LRH-RAM |

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 13, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,** District Judge.

After the Farad Dam was destroyed in 1997, its operator, Sierra Pacific Power Company ("Sierra"), brought this action against the Hartford Steam Boiler Inspection & Insurance Company and Zurich American Insurance Company (the "insurers"), seeking a declaratory judgment about insurance coverage. In a prior appeal, we affirmed the district court's holding that Sierra could recover the actual costs of reconstruction if it timely opted to rebuild the Dam. *Sierra Pac. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 490 F. App'x 871, 879 (9th Cir. 2012). But we remanded to the district court to calculate the amount due to Sierra under the insurance policies if it chose not to rebuild—Actual Cash Value ("ACV")—by deducting "the appropriate depreciation" from the estimated cost to rebuild the Dam of $19,800,000. *Id.* On remand, the court found the appropriate depreciation to be 50% on the Dam and 5% on a wing wall, and determined an ACV

---

** The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

2

of $12,216,600. The court awarded prejudgment interest to Sierra both on the actual costs of reconstruction and the ACV.

Sierra and the insurers each timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part, and remand for entry of a judgment consistent with this memorandum disposition.

1. The district court's depreciation findings are factual determinations, *see Jefferson Ins. Co. v. Superior Court*, 475 P.2d 880, 883 (Cal. 1970), and therefore reviewed for clear error, *see Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1992). The evidence supported the district court's findings. Patrick Jeremy, an experienced insurance adjuster with personal knowledge of the Dam, testified without objection to the depreciation rates based on his knowledge of "the last time [the Dam] was replaced and how long they had been lasting in the past." Our review of the record does not leave us with a "definite and firm conviction that a mistake has been committed." *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1028 (9th Cir. 1996) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993)).

2. We reject the insurers' argument that Sierra, should it choose to rebuild the Dam, is limited to a payment of $19,800,000. That figure is the present *estimated* cost to rebuild, not the actual cost, which has not yet been incurred. The district court held before the first appeal that "[t]he policies of insurance provide Sierra with

full replacement cost coverage," subject to policy limits. Because our prior disposition affirmed the district court with respect to coverage for replacement cost, *Sierra Pac. Power Co.*, 490 F. App'x at 879, its original holding is the law of the case, *see Gonzales v. U.S. Dep't of Homeland Sec.*, 712 F.3d 1271, 1277 (9th Cir. 2013).

3. The insurers argue that Sierra waived any claim to prejudgment interest by not asserting that claim after the district court entered its original judgment. That argument is correct with respect to the court's award after remand of prejudgment interest on the actual costs of reconstruction. Because we affirmed the district court's judgment as to those costs and Sierra made no claim for prejudgment interest, Sierra may not now seek to expand our prior ruling. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("[W]hatever was before this court, and disposed of by its decree, is considered as finally settled." (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895))). Even if not waived, a claim to prejudgment interest would fail, as the actual reproduction costs are not yet a fixed sum. *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 286 Cal. Rptr. 146, 158 (Ct. App. 1991).

4. However, we affirm the district court's award of prejudgment interest on the ACV. At oral argument, counsel for the insurers stated that their only contention was that Sierra had waived any right to prejudgment interest on the ACV by not seeking it before the remand. A party may seek an award of prejudgment interest

4

for the first time after the entry of judgment, *see Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 & n.3 (1989), and because the district court's initial ACV award was less than the applicable deductibles, Sierra plainly had no occasion to seek prejudgment interest before the entry of a new judgment after our remand. Similarly, the award of prejudgment interest on the ACV does not exceed the scope of the remand, as our first disposition did not address this issue. *See United States v. Luong*, 627 F.3d 1306, 1310 (9th Cir. 2010).

We therefore affirm the district court's judgment as to the ACV and its award of prejudgment interest on that amount. We reverse the award of prejudgment interest on future reconstruction costs. We remand for the entry of an appropriate judgment. Each party is to bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**