**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated, | No. 15-55287 |
| | D.C. No. 2:14-cv-07648-PSG-RZ |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM* |
| PANDORA MEDIA, LLC, a Delaware corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 8, 2016
Submission Vacated March 15, 2017
Re-submitted October 17, 2019
Pasadena, California

Before: WARDLAW** and PAEZ, Circuit Judges, and FRIEDMAN,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This case was submitted to a panel that included Judge Stephen R. Reinhardt. Following Judge Reinhardt's death, Judge Wardlaw was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Wardlaw has read the briefs, reviewed the record, and listened to oral argument.

\*\*\* The Honorable Paul L. Friedman, United States District Judge for the

Judge.

In this case, we previously certified two questions to the California Supreme Court. *See Flo & Eddie, Inc. v. Pandora Media, Inc.*, 851 F.3d 950 (9th Cir. 2017). In May 2019, the California Supreme Court dismissed consideration of the certified questions. For the reasons explained below, we vacate the district court's order and remand for further proceedings.

The present litigation arises out of Pandora's streaming of music owned by Flo & Eddie, a corporation controlled by two founding members of the 1960s folk rock band, The Turtles. Flo & Eddie brought an action under California copyright and consumer protection law alleging that Pandora owed royalties for its streaming of The Turtles' music. Pandora subsequently filed a motion to strike Flo & Eddie's claims pursuant to California's anti-SLAPP statute. The district court denied Pandora's anti-SLAPP motion—reasoning that although Pandora's conduct was protected, Flo & Eddie had a reasonable probability of prevailing on its state copyright claim—and Pandora timely appealed.

In a March 2017 order, we certified two questions to the California Supreme Court concerning issues of first impression under California state law. The court granted our request and ordered the parties to brief the issues. But, before the California Supreme Court could answer the certified questions, Congress passed

District of Columbia, sitting by designation.

2

the Orrin G. Hatch-Bob Goodlatte Music Modernization Act ("the MMA"), which preempts any state law claim arising before the passage of the Act from the digital audio transmission of a pre-1972 song if the transmitting party meets certain conditions, including paying statutory royalties. *See* 17 U.S.C. § 1401(e). Following enactment of the MMA, the California Supreme Court requested supplemental briefing on whether the enactment of the MMA rendered it unnecessary to resolve the state law certified questions. After the filing of the supplemental briefs, the California Supreme Court dismissed the certified questions and returned the case to this court. Upon our request, the parties filed supplemental briefs addressing the effect of the MMA on the probability of Flo & Eddie prevailing on its claims, which in turn informs the analysis of Pandora's anti-SLAPP motion.

The MMA preempts common-law copyright claims arising from the use of pre-1972 recordings that occurs on or after the date of the MMA's enactment. *See* 17 U.S.C. § 301(c). In addition, section 1401(e) of the MMA provides a preemption defense to similar claims arising from a transmission or reproduction, made before the date of the MMA's enactment, of a pre-1972 recording if the transmission or reproduction would have satisfied statutory licensing requirements under section 114(d)(1)–(2), or 112(e)(1), respectively, and, within 270 days after the enactment of the MMA, the transmitting entity pays statutory royalties for the

3

use of the recordings occurring during the three-year period prior to the date of enactment and provides notice of the use of the recordings. *See* 17 U.S.C. § 1401(e)(1)(A)–(B).

To be eligible for the statutory licensing regime under section 114(d), the transmitter must not be part of an "interactive service," among other things. 17 U.S.C. § 114(d)(2)(A). Eligibility for statutory licensing under section 112(e) requires meeting a different set of criteria, including that the phonorecord in question be "destroyed within six 6 months from the date the sound recording was first transmitted to the public using the phonorecord[,]" unless it is used exclusively for archival preservation. *See* 17 U.S.C. § 112(e)(1)(C).

Whether the MMA applies to and preempts Flo & Eddie's claims, as Flo & Eddie note, cannot be answered on the record before us. The resolution of this issue depends on various unanswered factual questions, including whether (1) Pandora would have satisfied the specific statutory licensing requirements under either section 114(d)(2) or 112(e)(1), or been exempt under section 114(d)(1); (2) the relevant royalty payment was made within 270 days of the enactment of the MMA; (3) that payment covered all reproductions and transmissions of pre-1972 recordings during the three-year period; (4) Pandora accurately identified all pre-1972 recordings it reproduced or transmitted during the three-year period; and finally, whether Pandora provided notice of the use of pre-1972 recordings within

4

270 days of the enactment of the MMA.

Although Pandora attaches a letter to its supplemental reply brief as evidence that it made the requisite royalty payment by July 8, 2019, and that it provided a federally appointed rights clearinghouse with notice of its transmission of pre-1972 recordings, documents not filed with the district court are not part of the record on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Pandora urges us to determine whether the district court erred in denying its motion to strike under California's anti-SLAPP statute without consideration of the MMA, but whether the MMA preempts Flo & Eddie's state-law claims (and, if so, to what extent it preempts those claims) is closely linked with the merits of those claims. The scope of the MMA's preemption clauses and their application here are, ultimately, questions of first impression, both in this case and in this court. And although which questions may or may not be taken up and resolved for the first time on appeal is left to the discretion of appellate courts, *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976), "[w]hen faced with a determination of applying a new legal principle, a standard practice . . . is to remand to the district court for a decision in the first instance." *Clark v. Chappell*, 936 F.3d 944, 971 (9th Cir. 2019) (internal quotations and alterations omitted). *See also, e.g., Ctr. for Bio. Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1052 (9th Cir. 2019) (remanding to

the district court for the court to consider the merits of a claim in the first instance, where the district court improperly determined there was no jurisdiction over the case); *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788, 800 (2017) (remanding to the district court to apply in the first instance the correct legal standard).

In addition, MMA preemption is an affirmative defense, and affirmative defenses are typically not preserved unless they are pleaded in a party's answer. *See* Fed. R. Civ. P. 8(c); *Perry v. O'Donnell*, 749 F.2d 1346, 1353 (9th Cir. 1984). Where new, intervening authority creates additional causes of action or affirmative defenses that may materially alter the course of the litigation, the appropriate remedy is to remand to the district court to allow the parties to amend their pleadings in light of that intervening authority. *See, e.g., Gonzales v. U.S. Dep't of Homeland Sec.*, 712 F.3d 1271, 1272–73 (9th Cir. 2013) (vacating the district court's judgment and remanding for reconsideration of a motion to amend the complaint in light of a relevant intervening opinion by this court); *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1026–27 (9th Cir. 2014) (remanding with instructions to allow plaintiffs to amend their complaint in light of relevant cases decided while an appeal was pending).

Given the enactment of the MMA, the district court should address the above dispositive factual and legal issues in the first instance. On remand, the

parties and the district court may also address any intervening developments in California's anti-SLAPP law.  For these reasons, we vacate the district court's denial of Pandora's anti-SLAPP motion, and remand for further proceedings.

We also GRANT Flo & Eddie, Inc.'s motion to strike the documents attached to Pandora's supplemental brief (Dkt. No. 155) because they were not admitted in the district court and are not part of the record on appeal.  Finally, we GRANT Pandora Media, Inc.'s motion to change its name and accordingly amend the caption in this case (Dkt. No. 130).

**VACATED and REMANDED.**