**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA MATILDE CARRILLO DE
PALACIOS,

*Petitioner*,

v.

ERIC H. HOLDER JR., Attorney
General,

*Respondent*.

No. 09-72059

Agency No.
A026-630-010

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 11, 2011—Seattle, Washington

Filed January 28, 2013

Before: Susan P. Graber and Milan D. Smith, Jr., Circuit
Judges, and Roger T. Benitez,[*] District Judge.

Order;
Opinion by Judge Milan D. Smith, Jr.

---

  [*] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

# SUMMARY[**]

## Immigration

The panel withdrew the first superseding opinion filed on December 1, 2011, and published at 662 F.3d 1128, and filed a second superseding opinion, again denying Maria Matilde Carrillo de Palacios's petition for review from the Board of Immigration Appeals' decision finding her ineligible for adjustment of status.

The panel held that Carrillo de Palacios was not eligible to adjust under 8 U.S.C. § 1255(i), because she was inadmissible under § 1182(a)(9)(C)(i), and did not qualify for the exception to inadmissibility in § 1182(a)(9)(C)(ii). The panel held that the BIA correctly found Carrillo de Palacios inadmissible under § 1182(a)(9)(C)(i)(II), because after she was ordered removed she returned to the United States without being admitted. The panel also held that, in order to be eligible for the exception to inadmissibility in § 1182(a)(9)(C)(ii), an alien must remain outside the U.S. for more than ten years before returning, and concluded that Carrillo de Palacios did not qualify. The panel also held that the BIA's application to Carrillo de Palacios's case of *Matter of Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006), which held that aliens may not adjust if they are inadmissible under § 1182(a)(9)(C)(i)(II), was not impermissibly retroactive.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Mari Matsumoto, Robert Pauw (argued), and Erin Cipolla, Gibbs Houston Pauw, Seattle, Washington, for Petitioner.

Tony West, John S. Hogan, Channah M. Farber, and Jessica E. Sherman (argued), Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**ORDER**

The opinion filed on December 1, 2011, 662 F.3d 1128, is withdrawn. A superseding opinion will be filed concurrently with this order. No further petitions for panel or en banc rehearing will be entertained in this case.

**OPINION**

M. SMITH, Circuit Judge:

Petitioner Maria Matilde Carrillo de Palacios (Carrillo de Palacios) petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA determined that Carrillo de Palacios is ineligible for adjustment of status under section 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i), because she is inadmissible under INA section 212(a)(9)(C)(i), 8 U.S.C. § 1182(a)(9)(C)(i), and is not eligible for the exception to inadmissibility in INA section 212(a)(9)(C)(ii), 8 U.S.C. § 1182(a)(9)(C)(ii).

We deny the petition, as the BIA correctly concluded that Carrillo de Palacios returned to the United States after being

"ordered removed under . . . any . . . provision of law, and . . . enter[ed] or attempt[ed] to reenter the United States without being admitted," which renders her inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II). The BIA also correctly concluded that she does not satisfy the requirements of 8 U.S.C. § 1182(a)(9)(C)(ii)'s exception to inadmissibility. We hold that in order to be eligible under 8 U.S.C. § 1182(a)(9)(C)(ii), an alien must remain outside the United States for more than ten years before returning to the United States.

## FACTUAL AND PROCEDURAL BACKGROUND

Carrillo de Palacios is a native and citizen of Mexico. The Government instituted removal proceedings against her in 2005, alleging that she had entered the United States without being admitted or paroled, and therefore was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). She conceded removability and sought to adjust her status to that of a lawful permanent resident under 8 U.S.C. § 1255(i). The Government opposed the adjustment-of-status application on the ground that she had been deported in December 1984 and subsequently reentered the country without permission in 1992 and 1997.

The immigration judge granted the adjustment-of-status application, concluding that cases such as *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006), provided the judge authority to "cure the prior deportation and subsequent illegal return." The BIA then reversed in an unpublished decision, holding in relevant part that Carrillo de Palacios was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i), that she did not qualify for the exception to inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii), and that, as a result, she was not eligible

for adjustment of status under 8 U.S.C. § 1255(i). The BIA accordingly ordered her removed.

## JURISDICTION AND STANDARD OF REVIEW

Our review is governed by section 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, div. B, 119 Stat. 231. When addressing adjustment-of-status issues contained in final orders of removal, we have jurisdiction to review questions of law under 8 U.S.C. § 1252(a)(2)(D). *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1084 (9th Cir. 2010). We review those questions of law de novo. *Id.* at 1086 n.9.

## DISCUSSION

### I.   Statutory Framework

To obtain adjustment of status under INA section 245(i), an alien must be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A). Aliens who are inadmissible under INA section 212(a)(9)(C), 8 U.S.C. § 1182(a)(9)(C), are ineligible for adjustment of status. That provision, entitled "Aliens unlawfully present after previous immigration violations," states:

> (i) In general
>
> Any alien who--
>
> > (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or

(II) has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,

and who enters or attempts to reenter the United States without being admitted is inadmissible.

(ii) Exception

Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security [Secretary] has consented to the alien's reapplying for admission.

8 U.S.C. § 1182(a)(9)(C)(i)–(ii).[1]

 Although our construction of these provisions might be viewed as occasionally inconsistent, the law of our circuit is now settled: according *Chevron* deference to the BIA's interpretation of the relevant statutes, we have held that aliens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I)–(II) are ineligible for adjustment of

---

[1] Clause (iii), which allows the Secretary to waive clause (i) for certain Violence Against Women Act self-petitioners, is not at issue in this case. *See* 8 U.S.C. § 1182(a)(9)(C)(iii); *see also* Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, 119 Stat. 2960.

status under 8 U.S.C. § 1255(i). *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).[2] Aliens who are otherwise inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i) are deemed admissible only if they qualify for the exceptions to inadmissibility stated in § 1182(a)(9)(C)(ii)–(iii). The exception at issue in this case, § 1182(a)(9)(C)(ii), "requir[es] that [the alien] obtain permission to apply for readmission from outside the United States after ten years have lapsed from the date of his last departure." *Gonzales*, 508 F.3d at 1242.

## II. Inadmissibility under 8 U.S.C. § 1182(a)(9)(C)

The BIA concluded that Carrillo de Palacios is inadmissible under both 8 U.S.C. § 1182(a)(9)(C)(i)(I) and § 1182(a)(9)(C)(i)(II), and thus is ineligible for adjustment of status under § 1255(i). We agree with the BIA's conclusion regarding § 1182(a)(9)(C)(i)(II). We need not address the arguments regarding § 1182(a)(9)(C)(i)(I), and we express no opinion regarding the BIA's analysis of that provision.

---

[2] In *Garfias-Rodriguez v. Holder*, No. 09-72603, 2012 WL 5077137, at *7 (9th Cir. Oct. 19, 2012) (en banc), we abrogated our earlier decision in *Acosta*, 439 F.3d 550, in light of the BIA's holding in *In re Briones*, 24 I. & N. Dec. 355 (B.I.A. 2007), that aliens may not adjust their status under 8 U.S.C. § 1255(i) if they are inadmissible under § 1182(a)(9)(C)(i)(I). Similarly, in *Gonzales v. Department of Homeland Security*, 508 F.3d 1227, 1241–42 (9th Cir. 2007), we abrogated *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), in light of the BIA's decision in *In re Torres-Garcia*, 23 I. & N. Dec. 866 (B.I.A. 2006), which held that aliens may not adjust their status under § 1255(i) if they are inadmissible under § 1182(a)(9)(C)(i)(II). We apply the retroactivity test articulated in *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982), to determine whether the holdings of *Briones* and *Torres-Garcia*, and our decisions deferring to those holdings, may be applied retroactively. *Garfias-Rodriguez*, 2012 WL 5077137, at *9, *11–*12.

The statutory text is straightforward: an alien is inadmissible if she "has been ordered removed under . . . any . . . provision of law, and . . . enter[ed] or attempt[ed] to reenter the United States without being admitted." 8 U.S.C. § 1182(a)(9)(C)(i)(II).    Thus, inadmissibility under this provision requires two elements: (1) an order of removal, and (2) subsequent illegal entry or attempted reentry.

As to the first requirement, the BIA found that Carrillo de Palacios was "deported from the United States on December 20, 1984," and was therefore "previously removed" for purposes of § 1182(a)(9)(C)(i)(II).[3]  Ample evidence in the record supports this finding.  Carrillo de Palacios conceded to the BIA that she "was deported over twenty years ago" pursuant to "an order of deportation in her name from 1984," and her deportation warrant states that "an order has been duly made that the alien CARILLO de Palacios, Matilde [sic] . . . is subject to deportation under . . . [INA §] 241(a)(2)."

Carrillo de Palacios contends that she voluntarily departed the country in early 1984 and should not have been ordered deported in December 1984.  However, her argument ignores both the BIA's factual findings and the abundant evidence in

---

[3] It is undisputed that 8 U.S.C. § 1182(a)(9)(C)(i)(II) applies to orders of removal that were issued before the April 1, 1997 effective date of the statute. *See Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1079 (9th Cir. 2010) (finding alien inadmissible because of a September 14, 1994 order of removal).  Moreover, federal immigration agencies have long interpreted this provision as applying "to those aliens ordered removed before or after April 1, 1997, and who enter or attempt to reenter the United States unlawfully any time on or after April 1, 1997." Memorandum by Paul W. Virtue, Acting Executive Assoc. Comm'r, Immigration and Naturalization Service, June 17, 1997, reprinted at 74 No. 25 Interpreter Releases 1033 (emphasis added).

the record that she was indisputably removed under an order of deportation. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir. 1980) (per curiam) ("[A]n alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceedings."). Moreover, "courts lack jurisdiction to review factual determinations underlying adjustment-of-status decisions," and it is therefore too late for Carrillo de Palacios to dispute the BIA's conclusions. *Morales-Izquierdo*, 600 F.3d at 1084.

As to the second requirement, the BIA properly determined that Carrillo de Palacios entered the United States without being admitted. Substantial evidence supports the conclusion that she last illegally entered in September 1997. Moreover, in her briefs in this case, Carrillo de Palacios acknowledged her September 1997 return to the United States.

In sum, because Carrillo de Palacios was ordered removed and then entered the United States without permission, she is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II).

## III.    Retroactive Application of *Torres-Garcia*

Carrillo de Palacios contends that the BIA impermissibly applied its decision in *Torres-Garcia* to her case, because she applied for adjustment of status several weeks before we issued our decision in *Gonzales*, in which we adopted *Torres-Garcia* as the law of our circuit. In *Gonzales*, we deferred for the first time to the BIA's determination in *Torres-Garcia* that aliens inadmissible under § 1182(a)(9)(C)(i)(II) may not adjust their status under § 1255(i). *Gonzales*, 508 F.3d at

1241–42. We determined that we were required to defer to the BIA's interpretation in *Torres-Garcia* under the Supreme Court's decision in *National Cable & Telecommunications Ass'n v. Brand X Internet Services* (*Brand X*), 545 U.S. 967, 980–82 (2005), because our earlier, contrary interpretation in *Perez-Gonzalez* "was an interpretation of a statutory ambiguity." *Gonzales*, 508 F.3d at 1236. Carrillo de Palacios alleges that she applied for adjustment of status in reliance on *Perez-Gonzalez*.[4]

"[W]hen we overturn our own precedent following a contrary statutory interpretation by an agency authorized under *Brand X*, we analyze whether the agency's statutory interpretation (to which we defer) applies retroactively under the test we adopted in *Montgomery Ward*, if the issue is fairly raised by the parties." *Garfias-Rodriguez*, 2012 WL 5077137, at *12. Because Carrillo de Palacios has "fairly raised" the issue of retroactivity, the *Montgomery Ward* factors must be applied to determine whether she can avoid the retroactive application of *Torres-Garcia*.

The *Montgomery Ward* test seeks to "balanc[e] a regulated party's interest in being able to rely on the terms of a rule as it is written, against an agency's interest in retroactive application of an adjudicatory decision." 691 F.2d at 1333. Adopting the analytical framework set forth in *Retail, Wholesale & Department Store Union v. NLRB* (*Retail*

---

[4] "[O]ur decision in *Perez-Gonzalez* effectively allowed [§ 1255(i)] to function as a means to 'circumvent the statutory 10-year limitation on section [1182(a)(9)(C)(ii)] waivers' by allowing aliens to 'simply reenter unlawfully before requesting the waiver.'" *Garfias-Rodriguez*, 2012 WL 5077137, at *3 (brackets omitted) (quoting *Torres-Garcia*, 23 I. & N. Dec. at 876).

*Union*), 466 F.2d 380, 390–93 (D.C. Cir. 1972), the *Montgomery Ward* test considers:

> (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Montgomery Ward*, 691 F.2d at 1333 (quoting *Retail Union*, 466 F.2d at 390). Our application of the *Montgomery Ward* factors to the instant case necessarily follows the analysis undertaken in *Garfias-Rodriguez*, which involved a nearly identical retroactivity issue and a similarly situated petitioner.

The first *Montgomery Ward* factor—whether this is a case of first impression—is "not . . . well suited to the context of immigration law" and does not favor either party. *Garfias-Rodriguez*, 2012 WL 5077137, at *13. The second and third factors, however, strongly favor the government. Carrillo de Palacios cannot reasonably argue that *Torres-Garcia* represented an abrupt departure from any well-established practice, because "the tension between § 212(a)(9)(C) and § 245(i) was obvious. That ambiguity in the law—which resulted in a six-year dialogue between the BIA and us—should have given [Carrillo de Palacios] no assurances of [her] eligibility for adjustment of status." *Id.* at *15.

Additionally, Carrillo de Palacios could not have reasonably relied on our former decision in *Perez-Gonzalez* because she applied for adjustment of status after *Torres-Garcia* was issued and was thus "on notice of" *Perez-Gonzalez*'s "vulnerability." *Id.* at \*14.

However, the fourth factor, which considers the degree of burden imposed on a party, weighs heavily in favor of Carrillo de Palacios. *See id.* at \*15. The retroactive application of *Torres-Garcia* to her case forecloses any possibility she may have had under *Perez-Gonzalez* to adjust her status and avoid deportation. "'There is a clear difference, for the purposes of retroactivity analysis, between facing possible deportation and facing certain deportation.'" *Id.* (alterations omitted) (quoting *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 952 (9th Cir. 2007)).

Finally, the fifth factor favors the government, because "non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established." *Id.* However, this factor "only leans in the government's direction" because the rule established in *Torres-Garcia* "does not follow from the plain language of the statute," since § 1182(a)(9)(C) and § 1255(i) are inconsistent, and when read together, ambiguous. *Id.*

On balance, the majority of the *Montgomery Ward* factors favor the government. Accordingly, the BIA did not err in applying *Torres-Garcia* retroactively to Carrillo de Palacios.

## IV.    Exception to Inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii)

Because Carrillo de Palacios is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II), and *Torres-Garcia* applies retroactively to her, she may only seek adjustment of status under § 1255(i) if she qualifies under the exception to inadmissibility set forth in § 1182(a)(9)(C)(ii). *Garfias-Rodriguez*, 2012 WL 5077137, at \*7; *see also Morales-Izquierdo*, 600 F.3d at 1079 (discussing § 1182(a)(9)(C)(ii) with respect to § 1182(a)(9)(C)(i)(II)); *Gonzales*, 508 F.3d at 1231 (same).

We have previously explained the mechanics of § 1182(a)(9)(C)(ii): "while residing outside the United States," the alien must "appl[y] for and receive[] advance permission from the Secretary of Homeland Security . . . to reapply for admission." *Morales-Izquierdo*, 600 F.3d at 1079. However, the alien "is not eligible for such advance permission until ten years have elapsed since his [or her] last departure from the United States. This is commonly known as the 'ten-year bar' to readmission." *Id.* (citation omitted); *see also Gonzales*, 508 F.3d at 1231 ("An alien inadmissible under [§ 1182(a)(9)(C)(i)], however, may seek admission into the United States if: (1) he has been absent from the United States more than ten years, and (2) he has received the consent of the Secretary of Homeland Security to the application for readmission.").

Carrillo de Palacios argues that these precedents are inapposite to her case. She notes that the prior cases involved petitioners who requested § 1182(a)(9)(C)(ii) relief *within* ten years of leaving the United States. *E.g.*, *Morales-Izquierdo*, 600 F.3d at 1079; *Torres-Garcia*, 23 I. & N. Dec. at 873. In

her case, by contrast, she "last departed the United States in 1992," and she filed her application for readmission in 2007, "*more than 10 years after her last departure from the United States*." (Emphasis in original.)

Even if we agreed with Carrillo de Palacios that the existing cases constitute dicta with respect to her particular circumstances, we may not lightly brush aside the reasoning and analysis contained in an unbroken chain of case law. We, the BIA, and our sister circuits have all stated that § 1182(a)(9)(C)(ii) requires that the alien be "absent from the United States more than ten years" before applying to the Secretary. *Gonzales*, 508 F.3d at 1231.[5] Phrased differently, the alien must "exit the United States and wait ten years before applying." *Perez-Gonzalez v. Gonzales*, 403 F.3d 1116, 1117 (9th Cir. 2005) (Gould, J., dissenting from order denying motion to reconsider) (internal quotation marks omitted), *cited with approval by Torres-Garcia*, 23 I. & N. Dec. at 875.

Carrillo de Palacios's argument places undue weight on one portion of the relevant clause, while ignoring the

---

[5] *See also Delgado v. Mukasey*, 516 F.3d 65, 73 (2d Cir. 2008) (stating that the alien may only "seek permission to reapply for admission from outside of the United States after ten years have passed since his most recent departure from the United States"); *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 250 n.4 (5th Cir. 2005) (noting that the alien must have "been outside the United States more than 10 years since his or her last departure"); *Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 885 (10th Cir. 2005) (describing requirement as "an unwaivable ten-year period outside of the United States"), *aff'd*, 548 U.S. 30 (2006); *Torres-Garcia*, 23 I. & N. Dec. at 875 (noting that the exception applies "'only after the alien has been outside the United States for ten years'" (quoting *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1167 (10th Cir. 2004)).

surrounding statutory language.  She emphasizes the phrase "an alien seeking admission more than 10 years after the date of the alien's last departure from the United States." 8 U.S.C. § 1182(a)(9)(C)(ii).  She last departed in 1992 and filed her application in 2007, so, according to her reasoning, she satisfies the requirements of § 1182(a)(9)(C)(ii).  But that clause also requires that the alien must obtain the Secretary's consent "prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory." *Id.*  Although the statute is subject to different interpretations, we conclude that the two sentences work in tandem: ten years must elapse between the time the alien "depart[s]" the United States *and* the time the alien "reembark[s]" or otherwise returns to the United States.  If ten years must elapse between departure and return, then it necessarily follows that those ten years must be spent outside the United States.

Any lingering doubts about § 1182(a)(9)(C)(ii) can be resolved by examining the legislative scheme as a whole. *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . ." (internal quotation marks omitted)).  The BIA has observed that the underlying purpose of § 1182(a)(9)(C) "was to single out recidivist immigration violators and make it more difficult for them to be admitted to the United States after having departed." *Briones*, 24 I. & N. Dec. at 358.  We have deferred to that view as a permissible interpretation of the statute. *Garfias-Rodriguez*, 2012 WL 5077137, at *6–*7.  The BIA has added that § 1182(a)(9) generally "seek[s] to compound the adverse consequences of immigration violations." *In re Rodarte-Roman*, 23 I. & N. Dec. 905, 909 (B.I.A. 2006).  By requiring repeat immigration offenders to

pay the penalty of waiting ten years outside the United States before receiving the privilege of lawful reentry, § 1182(a)(9)(C)(ii) promotes Congress's underlying policy goals of making admission more difficult for immigration recidivists.

In light of this legislative policy, we continue to defer to the BIA's reasonable decision in *Torres-Garcia*, upon which the BIA expressly relied in rejecting Carrillo de Palacios's arguments below. *See Gonzales*, 508 F.3d at 1241–42 (deferring to *Torres-Garcia*). In *Torres-Garcia*, the BIA wrote:

> [W]e could not . . . allow an alien to circumvent the statutory 10-year limitation on [§ 1182](a)(9)(C)(ii) waivers by simply reentering unlawfully before requesting the waiver. After all, it is the alien's unlawful reentry without admission that makes [§ 1182](a)(9)(C)(i) applicable in the first place. . . . [A]n alien may not obtain a waiver of the [§ 1182](a)(9)(C)(i) ground of inadmissibility, retroactively or prospectively, without regard to the 10-year limitation set forth at [§ 1182](a)(9)(C)(ii).

23 I. & N. Dec. at 876. This reasoning applies directly to Carrillo de Palacios's circumstances. Although ten years elapsed since she last departed the United States, she attempted to "circumvent the statutory 10-year limitation . . . by simply reentering unlawfully" after spending only five years abroad. *Id.* She did not satisfy the statutory requirement that she spend ten years abroad before returning.

Our prior discussions of § 1182(a)(9)(C)(ii) are therefore correct: the alien must be "absent from the United States more than ten years" before applying to the Secretary under § 1182(a)(9)(C)(ii). *Gonzales*, 508 F.3d at 1231. This, Carrillo de Palacios did not do. She departed in 1992 and returned in 1997, long before the ten-year period had lapsed. Like the BIA, we conclude that she was required to spend ten years outside the United States before returning. Having failed to do so, she does not satisfy the § 1182(a)(9)(C)(ii) exception to inadmissibility.[6]

## CONCLUSION

Carrillo de Palacios is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II), and does not qualify for the § 1182(a)(9)(C)(ii) exception to inadmissibility. The BIA correctly determined that Carrillo de Palacios is not eligible for adjustment of status under § 1255(i).

**PETITION DENIED.**

---

[6] Because we conclude that Carrillo de Palacios failed to satisfy the statutory requirement that she wait outside the country for ten years, we refrain from deciding whether an alien who has waited outside the country for ten years may, under pre-existing agency practice, obtain *nunc pro tunc* permission to reapply after having returned to the United States.