**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XOCHITL BEATRIZ FONG DE BARRERA, AKA Maria Yasmin Gonzalez-Baltierra, AKA Xochitl Beatrix Fond De Barrera, AKA Maria Yesimi Gonzalez Baltierro, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70790 <br><br> Agency No. A077-765-068 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015**

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Xochitl Beatriz Fong de Barrera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's decision denying her application for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1069 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Fong de Barrera is not eligible to adjust her status because she is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and does not satisfy the requirements for the exception to inadmissibility in 8 U.S.C. § 1182(a)(9)(C)(ii). *See* 8 U.S.C. § 1255(a)(2), (i)(2)(A) (alien must be admissible to adjust status); *Duran Gonzales v. DHS*, 508 F.3d 1227, 1231, 1242 (9th Cir. 2007). Fong de Barrera's retroactivity contention fails where she filed her applications to adjust status and for a waiver of inadmissibility after the BIA issued *Matter of Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006), and there is no significant factual basis to distinguish Fong de Barrera's situation from the one presented in *Carrillo de Palacios* for purposes of determining the retroactive application of *Duran Gonzales*. *See Carrillo de Palacios*, 708 F.3d at 1072.

We lack jurisdiction to consider Fong de Barrera's contention that the BIA abused its discretion by not waiting to adjudicate her appeal, because she did not request the BIA hold her case in abeyance and therefore failed to exhaust her administrative remedies. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010)

(the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Fong de Barrera's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**