**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL ACEVEDO-TOSCANO, AKA Daniel Calbarrio-Mesa, AKA Jose Manuel Castro, AKA Navil Gomez, AKA Miguel Martinez-Hernandez, AKA Osvaldo Medina-Martinez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72385 <br><br> Agency No. A077-141-678 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jose Manuel Acevedo-Toscano, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's decision denying his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1069 (9th Cir. 2013). We deny the petition for review.

Acevedo-Toscano has not challenged the agency's determination that under *Duran Gonzales v. DHS*, 508 F.3d 1227 (9th Cir. 2007) he is not eligible to adjust his status because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) as an alien who reentered the United States without admission following removal, and does not satisfy the requirements for the exception to inadmissibility in 8 U.S.C. § 1182(a)(9)(C)(ii). *See* 8 U.S.C. § 1255(a)(2), (i)(2)(A) (alien must be admissible to adjust status); *see also Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in opening brief are waived).

Acevedo-Toscano instead contends this court erred in *Duran-Gonzales* in giving deference to the BIA's decision in *Matter of Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006). We may overrule a prior decision by a three judge panel when there is intervening higher authority that is clearly irreconcilable with the prior decision. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc). Here, there is no such intervening authority, and we are compelled to reject

Acevedo-Toscano's challenge to *Duran Gonzles*. *See id.*

**PETITION FOR REVIEW DENIED.**