**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICIO MAGDALENO-MONTES, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 09-73099 <br><br> Agency No. A086-980-944 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted May 8, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

Mauricio Magdaleno-Montes, a native and citizen of Mexico, petitions for

review of a Department of Homeland Security order reinstating his prior order of

removal, as well as the related denials of his applications for a waiver of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

inadmissibility and for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition in part and dismiss in part.

U.S. Citizenship and Immigration Services properly denied Magdaleno-Montes's applications for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii) (an "I-212 waiver") and for adjustment of status. Magdaleno-Montes is permanently inadmissible because he was previously removed. 8 U.S.C. § 1182(a)(9)(C)(i). Further, Magdaleno-Montes is not eligible for an I-212 waiver because he did not remain outside the United States for more than ten years following his last departure. *See Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1073 & n.5 (9th Cir. 2013); *see also* 8 U.S.C. § 1182(a)(9)(C)(ii). Because Magdaleno-Montes was permanently inadmissible, his ineligibility for an I-212 waiver also made him ineligible for adjustment of status. *See* 8 U.S.C. § 1255(i)(2)(A); *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007) ("[P]laintiffs as a matter of law are not eligible to adjust their status because they are ineligible to receive I-212 waivers."). Thus, we deny the petition with respect to Magdaleno-Montes's challenge to the denials of his applications for an I-212 waiver and adjustment of status.[1]

---

[1] Because his ineligibility for an I-212 waiver was a sufficient basis for USCIS's denial of his applications, we need not consider Magdaleno-Montes's challenge to USCIS's additional basis for its denial, relating to the reinstatement of his prior removal order.

Because Magdaleno-Montes was ineligible for an I-212 waiver and adjustment of status, the reinstatement of his prior removal order was also proper. *See Gonzales,* 508 F.3d at 1231, 1242. Thus, we also deny the petition with respect to the challenge to the reinstatement order.

We lack jurisdiction to review the agency's exercise of prosecutorial discretion. *See* 8 U.S.C. § 1252(g); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (citing § 1252(g) for the proposition that "we lack jurisdiction to review petitioners' contention that the agency abused its discretion in denying the motion to reopen to seek prosecutorial discretion based on the recent order of President Obama"). Thus, we dismiss the petition with respect to Magdaleno- Montes's request for a remand to allow the agency to reconsider the exercise of its discretion.[2]

**DENIED in part; DISMISSED in part.**

---

[2] Magdaleno-Montes's motion to supplement the administrative record is GRANTED.