# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 15-60206

August 31, 2016

Lyle W. Cayce
Clerk

J. GUMARO SANCHEZ ZERMENO, also known as J. Gumaro Sanchez, also known as Gumaro Sanchez, also known as Juan Gumaro Sanchez Zermeno,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

CARL E. STEWART, Chief Judge:

Petitioner J. Gumaro Sanchez Zermeno ("Zermeno"), a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of his applications for adjustment of status and cancellation of removal. We DENY the petition.

I.

On August 1, 2012, Zermeno was issued a notice to appear for a charge of removability as an alien present in the United States without being admitted or paroled under Section 212(a)(6)(A)(i) of the Immigration and

Nationality Act ("INA"). Zermeno conceded removability but applied for adjustment of status under INA Section 245(i) and cancellation of removal under INA Section 240A(b). The IJ concluded that Zermeno was barred from adjustment of status because he was inadmissible under Section 212(a)(9)(C)(i)(I) and did not meet Section 212(a)(9)(C)(ii)'s exception to inadmissibility. The IJ also concluded that she lacked authority to entertain Zermeno's request for permission to reapply for admission. Finally, the IJ found that Zermeno was not eligible for cancellation of removal because he failed to establish ten years' continuous physical presence in the United States. The IJ thus denied Zermeno's applications and ordered Zermeno removed.

Zermeno appealed to the BIA. The BIA agreed with the IJ that Zermeno had not met the Section 212(a)(9)(C)(ii) exception to inadmissibility and that there was no basis to grant *nunc pro tunc* relief to allow Zermeno to reapply for admission. The BIA also concluded that the IJ's finding that Zermeno failed to establish ten years' continuous physical presence was not clearly erroneous. The BIA dismissed Zermeno's appeal. Zermeno timely petitioned for review.

II.

Generally, we review only the final decision of the BIA. *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013). When, as here, the IJ's ruling affected the BIA's decision, we also review the IJ's decision. *Id.* "The BIA's conclusions of law are reviewed *de novo*, although deference is given to the BIA's interpretation of immigration regulations if that interpretation is reasonable." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review "factual findings for substantial evidence, and we may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Ojeda-Calderon*, 726 F.3d at 672–73.

No. 15-60206

III.

"Section 245 of the INA provides for the '[a]djustment of status of nonimmigrant to that of person admitted for permanent resident.'" *Sattani v. Holder*, 749 F.3d 368, 371 (5th Cir. 2014) (alteration in original) (quoting 8 U.S.C. § 1255). Section 245(i) "provides that 'an alien physically present in the United States who entered the United States without inspection[,] or is within one of the classes enumerated in subsection (c) of this section . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.'" *Id.* (quoting 8 U.S.C. § 1255(i)(1)(A)-(C)). Section 245(i) allows for adjustment of status if, *inter alia*, "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." *Id.* (emphasis omitted) (quoting 8 U.S.C. § 1255(i)(2)(A)). Because eligibility for visas and admissibility is governed by Section 212(a) of the INA, "an applicant for adjustment of status under INA § 245(i) must establish that she is 'not inadmissible under any of the various paragraphs of [§] 212(a) . . . or that [she is] eligible for a waiver of any applicable ground of inadmissibility.'" *Id.* (alterations and omission in original) (quoting *Matter of Lemus-Losa*, 25 I. & N. Dec. 734, 736 (BIA 2012)).

Under Section 212(a)(9)(C)(i)(I) of the INA, "[a]ny alien who . . . has been unlawfully present in the United States for an aggregate period of more than 1 year, . . . and who enters or attempts to reenter the United States without being admitted is inadmissible." 8 U.S.C. § 1182(a)(9)(C)(i)(I). The BIA concluded that Zermeno is inadmissible under this section. Zermeno does not dispute that he was unlawfully in the United States for more than one year and that he then reentered the country. Instead, Zermeno contends that the BIA erred in concluding that he did not meet the Section 212(a)(9)(C)(ii) exception to permanent inadmissibility and that *nunc pro tunc* relief was unavailable.

3

No. 15-60206

Zermeno asserts that he is eligible for adjustment of status because he falls into the exception to Section 212(a)(9)(C)(i)(I), which provides:

> Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien's reapplying for admission.

8 U.S.C. § 1182(a)(9)(C)(ii). As an initial matter, the BIA agreed with the IJ's finding that Zermeno did not obtain consent to reapply for admission from the Secretary of Homeland Security. This finding is not disputed.

Notwithstanding his failure to obtain the Secretary of Homeland Security's consent, Zermeno contends that the IJ could have granted him *nunc pro tunc* permission to reapply for admission because ten years had elapsed from his previous unlawful entry. The BIA relied on *In re Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006), to conclude that Zermeno did not meet the Section 212(a)(9)(C)(ii) exception to inadmissibility. Zermeno argues that *Torres-Garcia*, which held that an alien must be outside the United States for at least ten years before reapplying for admission under Section 212(a)(9)(C)(ii), is not entitled to deference and is distinguishable.

This issue implicates a legal matter, the statutory interpretation of Section 212(a)(9)(C)(ii). We review the BIA's interpretation of the INA de novo, but we give "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Mercado v. Lynch*, 823 F.3d 276, 278 (5th Cir. 2016) (citation and internal quotation marks omitted). Because the BIA relied upon *Torres-Garcia* in holding that an alien must be outside the United States for ten years to be eligible for the Section 212(a)(9)(C)(ii) exception to inadmissibility, we apply the *Chevron* two-part inquiry to our review of this issue. *See Siwe v. Holder*, 742 F.3d 603, 607 n.24 (5th Cir. 2014). Under *Chevron*, we must first determine "whether Congress

4

has directly spoken to the question at issue." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). "If so, the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* But, "[i]f not, the court must determine whether the agency's answer is based on a permissible construction of the statute." *Id.* "Courts give agency interpretations 'controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)).

Section 212(a)(9)(C)(ii)'s exception to inadmissibility provides that Section 212(a)(9)(C)(i) "shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien's reapplying for admission." 8 U.S.C. § 1182(a)(9)(C)(ii). The BIA has interpreted this provision as requiring an alien to remain outside the United States for at least ten years. *Torres-Garcia*, 23 I. & N. Dec. at 875 (concluding that Section 212(a)(9)(C)(ii) applies "only after the alien has been outside the United States for ten years" (quoting *Berrum–Garcia v. Comfort*, 390 F.3d 1158, 1167 (10th Cir. 2004))); *see also Mortera-Cruz v. Gonzales*, 409 F.3d 246, 250 n.4 (5th Cir. 2005) (stating that prior version of Section 212(a)(9)(C)(ii) applies to "an alien who has been outside the United States more than 10 years since his or her last departure").

We defer to the BIA's interpretation in *Torres-Garcia* because it is based on a permissible construction of Section 212(a)(9)(C)(ii). This exception applies when it has been "more than 10 years after the date of the alien's last departure from the United States." 8 U.S.C. § 1182(a)(9)(C)(ii). The BIA's interpretation of this section as requiring the alien to remain outside the United States for ten years is consistent with the statutory language. In fact, the statute

requires an alien to wait ten years after departing the United States and then seek the Secretary of Homeland Security's consent *prior to* returning. "If ten years must elapse between departure and return, then it necessarily follows that those ten years must be spent outside the United States." *Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1074 (9th Cir. 2013).

The BIA and our sister circuits have all concluded that Section 212(a)(9)(C)(ii) requires the alien to be absent from the United States more than ten years before applying to the Secretary of Homeland Security. *See id.* at 1073; *Delgado v. Mukasey*, 516 F.3d 65, 73 (2d Cir. 2008) (holding that Section 212(a)(9)(C)(ii) "requires that [an alien] seek permission to reapply for admission from outside of the United States after ten years have passed since his most recent departure from the United States"); *Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 885 (10th Cir. 2005) (noting that an alien may seek Section 212(a)(9)(C)(ii) relief only after "the completion of an unwaivable ten-year period outside of the United States"); *see also Torres-Garcia*, 23 I. & N. Dec. at 876. We see no compelling reason to depart from this unanimous view.

Zermeno's suggestion that the BIA's interpretation of Section 212(a)(9)(C)(ii) in *Torres-Garcia* creates a statutory redundancy is meritless. The relevant language provides that the alien must receive the Secretary of Homeland Security's consent "prior to the alien's reembarkation at a place outside the United States *or* attempt to be readmitted from a foreign contiguous territory." 8 U.S.C. § 1182(a)(9)(C)(ii) (emphasis added). Zermeno insists that it would be "contrary to the plain language of the statute" for both of these provisions to apply to an alien outside the United States. We are not persuaded. The latter provision may narrowly be read to apply to aliens in Canada or Mexico while the former applies to aliens seeking to enter from

virtually any other foreign territory.[1] *See Carrillo de Palacios*, 708 F.3d at 1074 (concluding that "ten years must elapse between the time the alien 'depart[s]' the United States and the time the alien 'reembark[s]' or otherwise returns to the United States" (alterations in original) (emphasis omitted)).

One final point. Zermeno contends that *Torres-Garcia* is inapposite because there the petitioner sought Section 212(a)(9)(C)(ii) relief before the requisite ten years had elapsed. But here, however, more than ten years have elapsed since Zermeno's 2003 departure and his 2004 reentry. This distinction makes no difference; allowing aliens to seek Section 212(a)(9)(C)(ii) relief from inside the United States after returning unlawfully is at odds with the congressional policy underlying Section 212(a)(9)(C). The BIA has explained that "[t]he purpose of [Section 212(a)(9)(C)] was to single out recidivist immigration violators and make it more difficult for them to be admitted to the United States after having departed." *In re Briones*, 24 I. & N. Dec. 355, 358 (BIA 2007). An unwaivable ten-year period outside the United States for such immigration recidivists accomplishes this goal. We thus decline to interpret Section 212(a)(9)(C)(ii) such that it "allow[s] an alien to circumvent the statutory 10-year limitation on section 212(a)(9)(C)(ii) waivers by simply reentering unlawfully before requesting the waiver." *Torres-Garcia*, 23 I. & N. Dec. at 876 (noting that such an interpretation "plac[es the petitioner] in a better position by asking forgiveness than he would have been in had he asked permission"). Instead, "requiring repeat immigration offenders to pay the

---

[1] Zermeno also suggests that *Torres-Garcia* is "suspect" because it ignores a provision of the Violence Against Women and Department of Justice Reauthorization Act of 2005 ("VAWA"). Section 813(b) of the VAWA provided that "[t]he Secretary of Homeland Security, the Attorney General, and the Secretary of State shall continue to have discretion to consent to an alien's reapplication for admission after a previous order of removal, deportation, or exclusion." Pub.L. No. 109–162, 119 Stat. 2960 (enacted Jan. 5, 2006). That provision, however, was later removed by statutory amendment. We agree with the Seventh Circuit that this provides no basis to reject *Torres-Garcia.* See *Nunez-Moron v. Holder*, 702 F.3d 353, 357 n.8 (7th Cir. 2012); *see also Delgado*, 516 F.3d at 73–74.

penalty of waiting ten years outside the United States before receiving the privilege of lawful reentry . . . promotes Congress's underlying policy goals of making admission more difficult for immigration recidivists." *Carrillo de Palacios*, 708 F.3d at 1074.

In sum, we defer to the BIA's interpretation of Section 212(a)(9)(C)(ii) in *Torres-Garcia*. Though ten years have elapsed since Zermeno's last departure from the United States, he failed to remain outside the United States for ten years before returning to the United States. Accordingly, he does not meet Section 212(a)(9)(C)(ii)'s exception to inadmissibility.[2]

## IV.

Zermeno's final challenge is that the BIA erred in finding that he was ineligible for cancellation of removal. To be eligible for cancellation of removal, an alien must demonstrate, *inter alia*, ten years' continuous physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A); *see also Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214 (5th Cir. 2003). The BIA agreed with the IJ's factual finding that Zermeno had not established ten years' continuous physical presence for the relevant time period, here, from 2002 through 2012, noting that Zermeno's testimony "indicates that he was absent from the United States for a period of six months to one year prior to his last arrival in 2004." We review this factual determination under the substantial evidence standard. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003).

Zermeno testified that he entered the United States in 2002, voluntarily returned to Mexico in 2003, and last entered the United States in July 2004. Zermeno testified that he could not "exactly" remember how long he was absent from the United States between 2003 and 2004, but his testimony indicated

---

[2] Because Zermeno does not meet the statutory requirement that he remain outside the United States for ten years, we need not decide whether the IJ had jurisdiction to grant *nunc pro tunc* permission to reapply for admission.

that it was at least six months to one year.  Though Zermeno insists that his own testimony was "uncertain" and that the Government lacked an official record of a voluntary departure, he has not provided evidence of continuous physical presence "so compelling that no reasonable factfinder could conclude against it." *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).

## V.

The petition for review is DENIED.