NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID PIZANA-AGUIRRE, | No. 13-74424 |
| Petitioner, | Agency No. A072-238-343 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2017**
Pasadena, California

Before: SCHROEDER, DAVIS,*** and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

David Pizana-Aguirre, a native and citizen of Mexico, petitions for review of the Department of Homeland Security's ("DHS") November 26, 2013, order reinstating his 1995 deportation order. We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review, however, is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny the petition for review.

1. The DHS did not err in issuing Pizana-Aguirre's reinstatement order where the record shows that Pizana-Aguirre is an alien, he is the subject of a prior deportation order, and he illegally reentered the country without inspection following the execution of his deportation order. *See id.* (our jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order; and (3) whether the petitioner re-entered illegally" (citation omitted)); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed").

2. Pizana-Aguirre principally argues that his earlier deportation proceedings constituted a gross miscarriage of justice because the immigration judge ("IJ") did

not discuss his eligibility for relief at his deportation hearing. *See Garcia de Rincon*, 539 F.3d at 1138 (while a petitioner is generally prevented from collaterally attacking an underlying deportation order on constitutional or legal grounds, 8 U.S.C. § 1252(a)(2)(D) permits some measure of review if he can demonstrate a "gross miscarriage of justice" in the underlying proceedings). During the hearing, Pizana-Aguirre admitted to the IJ that he was convicted of a controlled substance offense in 1992. The IJ was entitled to rely on Pizana-Aguirre's admission. *See Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (where "the government alleges an alien's arrival date in its Notice to Appear, and the alien admits the government's allegation before the IJ, the allegations are considered judicial admissions rendering the arrival date undisputed" (internal quotation marks and alterations omitted)); *see also Perez-Mejia v. Holder*, 663 F.3d 403, 416 (9th Cir. 2011) (a petitioner's admission of facts establishing removability, if accepted by the IJ, completely "relieve[s] the government of the burden of producing evidence"). Because Pizana-Aguirre admitted to a controlled substance conviction and had not been in the United States for the requisite ten continuous years following that offense, the IJ reasonably concluded that his conviction made him ineligible for relief from deportation. *See* 8 U.S.C. § 1254(a)(2) (repealed 1996). Accordingly, Pizana-Aguirre has not established a gross miscarriage of justice in the original removal proceedings, and we deny his

3

motions to supplement the certified administrative record.

3. Pizana-Aguirre further argues that he is entitled to adjust status because he filed for permanent residency in reliance on *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004). However, he could not have relied on *Perez-Gonzalez* because he applied for adjustment of status on June 30, 2004, prior to the *Perez-Gonzalez* decision on August 13, 2004. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 522 (9th Cir. 2012) (holding that petitioner could not have relied on *Perez-Gonzalez* because he filed his application before that case was decided). Moreover, Pizana-Aguirre applied for a waiver of inadmissability after the decision by the Board of Immigration Appeals in *In re Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006), and therefore was "on notice of *Perez-Gonzalez*'s vulnerability." *See Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1072 (9th Cir. 2013) (internal quotation marks omitted). Additionally, because Pizana-Aguirre reentered the United States prior to April 1, 1997, and is inadmissable under 8 U.S.C. § 1182(a)(9)(A)(ii)(II), not 8 U.S.C. § 1182(a)(9)(C)(i)(II), he is not a class member under the settlement agreement in *Duran Gonzalez v. DHS*, No. 2:06-cv-1411 (W.D. Wash.).

**PETITION FOR REVIEW DENIED.**

4