**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIAS BELTRAN RASCON, | No. 14-70900 |
| Petitioner, | Agency No. A088-771-875 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2017[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, and BYBEE, Circuit Judges.

Elias Beltran-Rascon petitions for review of the Board of Immigration

Appeal's ("BIA's") decision holding him ineligible to adjust his status to lawful

permanent resident and ordering him removed if he does not voluntarily depart the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

United States. We have jurisdiction under 8 U.S.C. § 1252(a)(5). Our review is de novo. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 512 n.6 (9th Cir. 2012) (en banc). For the reasons stated below, we deny the petition for review.

A.  *Beltran-Rascon Is Inadmissible under § 212(a)(9)(C)(i)(I) and Therefore Ineligible for Adjustment of Status under § 245(a).*

Under § 212(a)(9)(C)(i)(I) of the Immigration and Nationality Act ("INA"), any alien who "has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and who enters or attempts to reenter the United States without being admitted is inadmissible." 8 U.S.C. § 1182(a)(9)(C)(i)(I). The purpose of the statute is "to single out recidivist immigration violators and make it more difficult for them to be admitted to the United States after having departed." *Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1074 (9th Cir. 2013) (quoting *In re Briones*, 24 I. & N. Dec. 355, 358 (BIA 2007)).

In this case, Beltran-Rascon admits he entered the United States without inspection around January 2002. He further admits he voluntarily departed for Mexico in March 2008 before reentering the United States in April 2008, again without inspection. Thus, it is undisputed he was unlawfully present in the United States for an aggregate period of more than one year and that he subsequently reentered the United States without being admitted. He is inadmissible under

2

§ 212(a)(9)(C)(i)(I).

INA § 245(a) permits adjustment of status only if the alien, among other things, is "eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). Because Beltran-Rascon is inadmissible under § 212(a)(9)(C)(i)(I), he is ineligible for adjustment of status to permanent lawful resident. *See Garfias-Rodriguez*, 702 F.3d at 514; *see also Carrillo de Palacios*, 708 F.3d at 1072; *Briones*, 24 I. & N. Dec. at 358.

B.    *The BIA Correctly Applied Ninth Circuit Law, and Regardless, the Same Result Would Obtain under Tenth Circuit Law.*

Beltran-Rascon argues the law of the United States Court of Appeals for the Tenth Circuit should govern his application for adjustment of status. An Immigration Judge ("IJ") who hears removal proceedings "has exclusive jurisdiction to adjudicate any application for adjustment of status . . . ." 8 C.F.R. § 1245.2(a)(1)(i). Appellate review of the IJ's decision is proper in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

Here, the underlying removal proceedings and Beltran-Rascon's renewed application for adjustment of status were heard in Tucson, Arizona. Appellate review of those proceedings lay in the Ninth Circuit, and the IJ and BIA were

3

correct to apply Ninth Circuit law. *See id.* Regardless, applying Tenth Circuit law would make no difference here. The Tenth Circuit, like our circuit, has held that inadmissibility under § 212(a)(9)(C)(i)(I) precludes adjustment of status to lawful permanent resident. *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1153 (10th Cir. 2011). Thus, irrespective of whether Ninth or Tenth Circuit law governs, Beltran-Rascon is ineligible for adjustment of status.

The petition for review is DENIED.