# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2022

Lyle W. Cayce
Clerk

No. 20-61125
Summary Calendar

Juan Ponce-Cabrales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 965

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Juan Ponce-Cabrales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the denial of his application for cancellation of removal. Ponce-Cabrales contends that BIA erred in adopting the IJ's determinations that he

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61125

failed to demonstrate ten years of continuous presence in the United States and that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives.

We review the findings of the BIA under the substantial evidence standard and will reverse only when the evidence compels a contrary result. *See Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021). Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1). Pursuant to the stop-time rule, the period of continuous physical presence is deemed to end when an applicant is served with a notice to appear. § 1229b(d)(1)(A).

Ponce-Cabrales was served with a Notice to Appear on October 27, 2010. During an initial hearing, Ponce-Cabrales admitted that his date of entry was in March 2001. Moreover, he acknowledged that he was apprehended and returned to Mexico sometime between 1999 and 2001 and that he first filed income taxes in 2002. While he later testified that he entered in 2000, the testimony was inconsistent with his previous admission. Additionally, his witnesses' assertions regarding his year of entry were not unequivocal. Thus, the record does not compel a finding that Ponce-Cabrales had ten years of continuous presence in the United States before being served with a notice to appear. *See Zermeno v. Lynch*, 835 F.3d 514, 519-20 (5th Cir. 2016). Because resolution of this issue is dispositive as to his lack of eligibility for cancellation of removal, *see* § 1229b(b)(1), we do not consider his argument regarding the hardship determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not

No. 20-61125

required to make findings on issues the decision of which is unnecessary to the results they reach.")

Accordingly, the petition for review is DENIED.