**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO ALCANTAR HERNANDEZ, | No.    13-70037 |
| Petitioner, | Agency No. A087-130-996 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2017[**]
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

Rogelio Alcantar Hernandez ("Alcantar"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for adjustment of status. Because the BIA conducted a de novo review, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion [was] expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Alcantar's petition.

**1.** Alcantar conceded his inadmissibility under Immigration and Naturalization Act ("INA") § 212(a)(9)(C)(i)(I). Therefore, the BIA properly determined that Alcantar is ineligible for adjustment of status under INA § 245(i), pursuant to *In re Briones*, 24 I. & N. Dec. 355 (BIA 2007). Alcantar applied for adjustment of status on November 13, 2008, almost a full year after *Briones* was decided. Because this is not a retroactive application of *Briones*, we need not analyze retroactivity under *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1328 (9th Cir. 1982). *Cf. Garfias-Rodriguez v. Holder*, 702 F.3d 504, 520–23 (9th Cir. 2012) (en banc) (because Garfias applied for adjustment under INA § 245(i) five years before the BIA issued *Briones*, we analyzed whether applying *Briones* was impermissibly retroactive under *Montgomery Ward*).

**2.** We lack jurisdiction to determine whether the IJ violated Alcantar's due process rights by not assessing whether he was eligible for voluntary departure. Because Alcantar failed to raise this issue before the BIA, we are barred, for lack of subject matter jurisdiction, from reaching it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**3.** The BIA adequately articulated its reasons for denying Alcantar's appeal, and thus satisfied the requirements of due process. The BIA explained that Alcantar was ineligible for adjustment of status pursuant to *Briones* and our decision in *Garfias-Rodriguez* because he had conceded inadmissibility under section 212(a)(9)(C)(i)(I) of the Immigration and Nationality Act. Alcantar's appeal involved a pure legal issue, and the BIA explained the law governing its decision. *See Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2015) (en banc) (holding that due process requires the BIA to "provide a reasoned explanation for its actions . . . . [and] a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument" (internal quotation marks omitted)).

**PETITION DENIED.**