NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR MARTINEZ RAMIREZ,<br><br>  Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No.  20-70075<br><br>Agency No. A077-289-010<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2021[**]
Pasadena, California

Before:  KELLY,[***] M. SMITH, and FORREST, Circuit Judges.

Oscar Martinez Ramirez seeks review of the Board of Immigration Appeals'

(BIA) order denying his application for adjustment of status. We have jurisdiction

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

pursuant to 8 U.S.C. § 1252, and we affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

In 2007, the BIA held in *In re Briones*, 24 I. & N. Dec. 355 (BIA 2007), that noncitizens who are inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(I) are ineligible for adjustment of status pursuant to 8 U.S.C. § 1255(i). Martinez concedes that he is inadmissible pursuant to § 1182(a)(9)(C)(i)(I), but argues that the BIA erred by applying *Briones* retroactively to deny his application for adjustment of status because he relied on our decision in *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006), which held that noncitizens who are inadmissible pursuant to § 1182(a)(9)(C)(i)(I) are still eligible for adjustment of status.

The Government, citing our unpublished memorandum disposition in *Hernandez v. Sessions*, 697 F. App'x 492 (9th Cir. 2017), argues that because Martinez applied for adjustment of status after the BIA decided *Briones*, the BIA did not apply *Briones* retroactively, and we therefore need not analyze retroactivity pursuant to *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322 (9th Cir. 1982). But unpublished memorandum dispositions are not precedent, 9th Cir. R. 36-3(a), and we analyzed retroactivity in a published opinion in directly analogous circumstances in *Carrillo de Palacios v. Holder*, 708 F.3d 1066 (9th Cir. 2013). Therefore, we will analyze retroactivity here.

Even so, the result is the same: The BIA properly determined that Martinez is ineligible for adjustment of status pursuant to § 1255(i) and *Briones*. In *Garfias-Rodriguez v. Holder*, we held that it is not reasonable for noncitizens applying for adjustment of status after *Briones* to rely on *Acosta*. 702 F.3d 504, 522 (9th Cir. 2012) (en banc). Therefore, it was not reasonable for Martinez to rely on *Acosta* here, and the second, third, and fifth *Montgomery Ward* factors weigh in favor of applying *Briones* retroactively, while only the fourth factor weighs against it. *See id.* at 521–23. Therefore, the BIA properly applied *Briones* to Martinez's application for adjustment of status and properly denied the application pursuant to § 1255(i). *See id.*

**PETITION FOR REVIEW DENIED.**