# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60429
No. 17-60859
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

ADONAY MIGUELES ALFARO,
   Also Known as Adonay Alfaro Migueles, Also Known as Adonay Alfaro,

Petitioner,

versus

MATTHEW G. WHITAKER, Acting U.S. Attorney General,

Respondent.

Petitions for Review of an Order of
the Board of Immigration Appeals
No. A 205 291 592

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

In consolidated petitions for review, Adonay Migueles Alfaro, a native

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60429
No. 17-60859

and citizen of El Salvador, seeks review of (1) the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the order of the immigration judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT") and (2) the BIA's denial of his motion to reconsider the dismissal of his appeal.  Maintaining that he is entitled to withholding of removal and relief under CAT, Migueles Alfaro contends that he adequately demonstrated eligibility for relief based on his political opinion and his membership in a particular social group.  As an initial matter, we agree with the Acting Attorney General that Migueles Alfaro has abandoned, by failing to brief, any meaningful argument on the denial of CAT relief, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003), which is a distinct claim that "should receive separate analytical attention," *Efe v. Ashcroft*, 293 F.3d 899, 906–07 (5th Cir. 2002).

As for Migueles Alfaro's claim for withholding of removal, "[w]e review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA."  *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013) (internal quotation marks and citation omitted).  We review the BIA's legal conclusions *de novo*, with deference to its reasonable interpretations of immigration statutes, and we review its factual findings for substantial evidence.  *Zermeno v. Lynch*, 835 F.3d 514, 516 (5th Cir. 2016).  Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it."  *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (internal quotation marks and citation omitted).

First, Migueles Alfaro contends that the BIA erred by applying *Matter of S–E–G–*, 24 I. & N. Dec. 579, 582 (BIA 2008), which held that a particular social group must "have particular and well-defined boundaries" and must "possess

a recognized level of social visibility." Relying on Seventh-Circuit caselaw, Migueles Alfaro contends that those requirements are inherently illogical, ambiguous, and impermissible. His position is unavailing. In *Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012), we upheld the particularity and social visibility test and concluded that it is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). *Hernandez-de la Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016).

Next, Migueles Alfaro avers that he has demonstrated eligibility for withholding of removal based on his political opinion. He reasons that his opposition to criminal street gangs in El Salvador qualifies as a political opinion because the gangs act as the *de facto* government there. To show persecution on account of political opinion, Migueles Alfaro "must show proof of a nexus between his political opinion and the persecution." *Sharma v. Holder*, 729 F.3d 407, 412 (5th Cir. 2013). "The relevant question is the motivation of the persecutor. The alien must demonstrate through some evidence, either direct or circumstantial, that the persecutors know of his (the alien's) political opinion and has or will likely persecute him because of it." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002). The evidence does not compel us to conclude that Migueles Alfaro has presented evidence that shows that the gangs "know of his" opposition to them "or will likely persecute him because of it." *Id.*

Migueles Alfaro's last theory relates to the BIA's denial of his motion to reconsider its dismissal of his appeal. He posits that the BIA abused its discretion in denying the motion because neither the IJ nor the BIA considered that the gangs are the *de facto* government and that his opposition to them thus qualifies as a political opinion.

3

We disagree.  The BIA announced its decision on appeal "in terms suffi-cient to enable [us] to perceive that it has heard and thought and not merely reacted." *Efe*, 293 F.3d at 908.  Migueles Alfaro did not show any error of law of fact with respect to the BIA's dismissal of his appeal.  *See* 8 C.F.R. § 12003.2(b)(1).  Further, he has not demonstrated that the denial of his motion to reconsider was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. I.N.S.*, 744 F.2d 1136, 1142 (5th Cir. 1984).  Migueles Alfaro has thus not demonstrated that the BIA abused its discretion by denying reconsideration.  *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).

The petitions for review are DENIED.